WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By:   Ann Thompson Uglietta (013696)
      Laurence G. Tinsley, Jr. (012581)
      Deputy County Attorneys
CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
Facsimile No. (602) 506-8567
MCAO Firm No. 00032000
uglietta@mcao.maricopa.gov
tinsleyl@mcao.maricopa.gov

Attorneys for Defendant Sheriff Joseph M. Arpaio

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Strickler,<br><br>          Plaintiff,<br><br>     v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; Sean Anthony Edwards-El and Jane Doe Edwards-El, husband and wife; John Does and Jane Does 1-10; ABC Corporations 1-10 and XYZ Partnerships 1-10,<br><br>          Defendants. | No. CV 12-0344 GMS<br><br>**DEFENDANT SHERIFF ARPAIO'S MOTION TO DISMISS COMPLAINT** |

Defendant Sheriff Joseph Arpaio moves to dismiss the Complaint with prejudice because Plaintiff has failed to state a claim against Sheriff Arpaio as a matter of law. Count One (Assault/Respondeat Superior against Arpaio) and Count Three (Section 1983 Constitutional Violation/Respondeat Superior against Arpaio) fail because Defendant Sean Anthony Edwards-El was not acting within the course and scope of his employment and was not acting under color of state law when he allegedly assaulted Plaintiff during a personal dispute unrelated to Defendant Edwards-El's MCSO law enforcement duties. Count Three additionally fails because there is no *respondeat superior* liability under Section 1983.

1

Count Two (Negligence against Arpaio) fails because Plaintiff did not provide Defendant Sheriff Arpaio with the requisite notice of claim alleging facts that would permit him to understand that <u>his own conduct</u> arising out of negligent hiring, training and retention or negligent policies and procedures was an alleged basis of liability.  A.R.S. § 12-821.01 statutorily bars Count Two as a matter of law.

**I.     Standard for Motion to Dismiss and Motion for Judicial Notice.**

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Moss v. United States Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal,* 129 S.Ct. at 1951).

In analyzing whether a claim has facial plausibility, "we accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly,* 550 U.S. at 555, 557).  The court is not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Daniels-Hall,* 629 F.3d at 998;  *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031–32 (9th Cir. 2008);  *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (internal citation omitted).  "In sum, for a complaint to survive a motion to dismiss,

the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss,* 572 F.3d at 969 (*quoting Twombly,* 550 U.S. at 557).

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall*, 629 F.3d at 998. However, the court may properly consider "matters of which a court may take judicial notice" under Federal Rule of Evidence 201. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Daniels-Hall*, 629 F.3d at 999.

Defendant Sheriff Arpaio attaches Plaintiff's July 8, 2011 Notice of Claim ("NOC") including attached Phoenix Police Department Reports. *See*, Declaration of MCSO Custodian of Records, Exhibit 1, at Attachment A (Bates Nos. MC000001-000032). Also attached is the City of Phoenix Municipal Court's Judgment & Sentence Order ("City Court JSO") in *State v. Sean A. Edwards-El*, Complaint #20119003421. *See*, Exhibit 2 (Bates Nos. MC000033-000034). Defendant Sheriff Arpaio moves for judicial notice of these documents, which are matters of public record made available by governmental agencies and "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201; *Daniels-Hall*, 629 F.3d at 998-999. Because a court ruling on motions to dismiss may take into consideration "matters of which a court may take judicial notice," this Court properly may consider the NOC, Phoenix Police Department Reports and City Court JSO in deciding this Motion to Dismiss. *Tellabs,* 551 U.S. at 322; *Daniels-Hall*, 629 F.3d at 999.

**II.    Background.**

On July 8, 2011, Plaintiff served his NOC on Defendant Sheriff Arpaio. The NOC alleges that Plaintiff was working as a courier (deliveryman) at a Federal Express location in Phoenix on February 3, 2011. It states that Defendant Edwards-El and other MCSO Deputies were at the same location conducting a regularly scheduled inspection of the

facility and packages set for delivery. *See*, Exhibit 1, at Attachment A, Bates Nos. MC000001-000002.

The NOC alleges that Plaintiff approached Defendant Edwards-El to greet him. It states, "Although unprovoked, and without warning, Deputy Edwards-El assaulted Mr. Strickler by grabbing him around the throat and pushing him backwards." *Id.*, at Attachment A, Bates Nos. MC000002. The NOC states that "This incident was investigated criminally by the Phoenix Police Department, whose records include information that the incident was witnessed by other Deputy Sheriff's [sic] who corroborated that this was an unprovoked attack." *Id*.

The NOC asserts that:

> In Arizona, an employer is vicariously liable for the conduct of its employees. Negligence can consist of action and inaction. Here Deputy Edwards-El negligently and recklessly grabbed Mr. Strickler by the throat and pushed him backwards. Because Deputy Edwards-El was in the course and scope of his employment, Maricopa County and/or the Maricopa County Sheriff is [sic] also liable.

*Id*.

The Phoenix Police Department reports that Plaintiff attached to the NOC contain the investigating officers' summary of their taped interview with Plaintiff on the date of the alleged assault. *Id.*, at Attachment A, MC000012 – 000015. Plaintiff told the officers that he arrived at the Federal Express location to begin his workday. He told the officers:

> 4 MCSO officers were standing next to building by conveyor belt near his truck. Larry said he knows the officers, they had been working out of the Fed Ex building for past two years. The officers and himself chat every day and joke around constantly. . .. This morning Rob and Sean were having a conversation a few feet away from the other two. Larry said he walked past the officers and said, "Hey, all the girls are here." Larry said he meant this in a joking manner and his was the kind of manner in which they spoke every day. Larry went inside the building to get his keys and when he came out he walked up to Rob and Sean to say Hi, How you doing and extended his right hand as to shake their hand. Larry said Sean looked at him and said "Get the f*** out of my face, I am talking." Larry said before he could do anything Sean grabbed Larry's throat with his left hand . . . and wrapped his right arm around the back of his neck, his face about two inches from his and pushed him back about 10 feet then threw him against his truck. Larry

said as Sean was pushing him back that Sean was saying to him, "I told you to shut the f*** up. I don't want to talk to you, I don't want to hear anything from you."

*Id.*, at Attachment A, at MC000012 - 000013.

In a follow-up interview, Plaintiff informed the investigating officers that Plaintiff had referred to Defendant Edwards-El as "Jamaica Man" or "Boy." He told the officers, "Everyone gave everyone a hard time out there, it isn't just Sean. No one is excluded including [Plaintiff]. It was never a big deal, we all knew we were just joking around." *Id.* at Attachment A, at MC000015.

In his Complaint, Plaintiff again alleges that he was at work at the Fed Ex location and Defendant Deputy Edwards-El and other MCSO Deputies were conducting a regularly scheduled inspection at that location. Complaint, ¶¶ 13, 14. Plaintiff repeats his allegation that he "approached Deputy Edwards-El in order to speak him, however Deputy Edwards-El unprovoked, and without warning, physically assaulted Plaintiff Larry Strickler by grabbing him around the throat and forcefully pushing him backwards against a truck and in front of other deputies and Plaintiff's co-workers." Complaint, ¶15.

On September 1, 2011, Defendant Edwards-El was found guilty of a class three misdemeanor assault in connection with the incident alleged in the Complaint. *See*, Exhibit 2.

**III. Because Plaintiff Fails to Allege Facts Sufficient To Establish That Defendant Edwards-El Was Acting in the Course and Scope of MCSO Employment, Count One Against Arpaio Must Be Dismissed With Prejudice.**

Count One alleges that Defendant Sheriff Arpaio is liable under a *respondeat superior* theory for the assault against Plaintiff purportedly perpetrated by Defendant Edwards-El. Complaint, ¶19.

"An employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.,* 197 Ariz. 535, 540, 5 P.3d 249, 254 (App. 2000).

Several factors are relevant to the determination of whether an employee's conduct falls within the course and scope of employment: (1) whether the conduct is the kind the employee is employed to perform or that the employer had the right to control at the time of the employee's conduct; (2) whether the conduct occurs within the authorized time and space limits; and (3) whether the conduct furthers the employer's business, even if the employer has expressly forbidden it. *Baker,* 197 Ariz. at 540, 5 P.3d at 254.

Under Arizona law, an employee is acting within the scope of his employment while he is doing "any reasonable thing which his employment expressly or impliedly authorizes him to do or which may reasonably be said to have been contemplated by that employment as necessarily or probably incidental to the employment." *Ray Korte Chevrolet v. Simmons,* 117 Ariz. 202, 207, 571 P.2d 699, 704 (App. 1977). An employer is liable for the conduct of its employee if at the time the injury occurred "the employee was performing a service in furtherance of [the] employer's business." *Smith v. Am. Express Travel Related Serv. Co.,* 179 Ariz. 131, 136, 876 P. 2d 1166, 1171 (App. 1994).

Here, Plaintiff has failed to allege facts sufficient to show that Defendant Edwards-El was acting in the course and scope of his MCSO employment when he purportedly assaulted Plaintiff.

Plaintiff's own allegations in his NOC and Complaint state that the assault occurred when Plaintiff was engaging in a personal greeting with Defendant Edwards-El. There are no facts alleged that would demonstrate that this personal greeting was necessary or even incidental to the MCSO's official inspection activities occurring at Fed Ex. There are no facts alleged that would show that Plaintiff was involved in any manner whatsoever with the inspections. During his interviews with Phoenix Police investigators, Plaintiff explained that his interaction with Defendant Edwards-El and the other MCSO Deputies centered around joking and "giving each other a hard time," which would have been wholly unrelated to the law enforcement purposes of inspecting the Fed Ex facility and packages for contraband.

Plaintiff moreover described the assault as "unprovoked." He did not allege that the assault was driven by or related to any MCSO law enforcement action. To the contrary, his description of the assault indicates that Defendant Edwards-El was acting-out a personal dispute with Plaintiff. Plaintiff admitted that he had called Defendant Edwards-El names such as "Jamaica Man" or "Boy." Just prior to the assault, Plaintiff called out to the MCSO Deputies, "Hey, all the girls are here." Plaintiff then tried to greet Defendant Edwards-El, who said, "Get the f*** out of my face, I am talking." Plaintiff alleges that Defendant Edwards-El then assaulted him while saying, "I told you to shut the f*** up. I don't want to talk to you, I don't want to hear anything from you."

There are no fact allegations that would show that Defendant Edwards-El's assault was expressly or impliedly authorized as part of his MCSO job duties. Nor are there any allegations that would establish that his conduct have been reasonably contemplated as being necessarily or probably incidental to his MCSO employment. Defendant Edwards-El was not performing a service in furtherance of MCSO law enforcement when he assaulted Plaintiff. This was not a situation where Defendant Edwards-El was issuing a law enforcement order to Plaintiff or he was pursuing a law enforcement action involving Plaintiff, and then he assaulted Plaintiff in carrying out such order or action. There are no facts alleged that would establish a functional relationship between Defendant Edwards-El's MCSO employment and the assault.

Rather, this was a situation where Plaintiff and Defendant Edwards-El were engaged in a purely personal dispute arising out of weeks of joking, name-calling and "giving each other a hard time," that led to an assault. No reasonable fact-finder would conclude that such conduct was in furtherance of MCSO's objectives. *See, Maxwell v. Bell,* 121 Ariz. 475, 477, 591 P.2d 567, 569 (App. 1979) (employer not liable for *respondeat superior* where ranch hand deliberately shot woman during a personal argument); *Olson v. Staggs-Bilt Homes, Inc.,* 23 Ariz. App. 574, 576-577, 534 P.2d 1073, 1075-1076 (1975) (employer not liable for *respondeat superior* where patrolman shot plaintiff because gun was not drawn "for any conceivable purpose pertinent to [his]

employment.") (*citing* Restatement (Second) of Agency § 228); *S. Birch & Sons v. Martin*, 244 F.2d 556, 559-560 (9th Cir. 1957) (contractor not liable for *respondeat superior* where employees engaged in assault at construction site where employees were not acting in the interests of the contractor); *Martin v. Norfolk Southern Railway Co.*, 926 F.Supp. 1044, 1051 (N.D. Ala. 1996) (employer not liable for *respondeat superior* where employee engaged in non-employment related "horseplay" that led to sexual harassment claim).

In committing an alleged assault that arose from a personal dispute[1], Defendant Edwards-El departed from his MCSO employment "solely to further his own personal interests." *Smith* , 179 Ariz. at 136, 876 P.2d at 1171. He therefore was not acting in the course and scope of his MCSO employment. *See also, Insurance Company of North America v. Federal Express Corp.,* 189 F.3d 914, 922-923 (9th Cir. 1999) (employer not liable for *respondeat superior* where employee's theft did not serve employer's interests, served only the "personal purposes of individual gain" and "was a substantial deviation" from the employee's duties).

*Maddex v. Ricca*, 258 F. Supp. 352 (D. Ariz. 1996) is instructive because its facts are similar to those alleged here. In that case, an on-duty bartender assaulted a bar patron in the bar's parking lot when there was no reasonable ground for him to do so to maintain order in the bar. There was a history of pre-existing animosity and name-calling between the bartender and the patron. *Id.*, at 354. The district court found that the bartender "acted beyond the scope of that employment, even though on his employer's premises and

---

[1] According to the Phoenix Police Report summary of the investigating officers' interview with Defendant Edwards-El, Plaintiff constantly "razzed" him, called him "Jamaica Boy," "picked at [his] shoes", "made fun" of his skull cap "asking if it was his wife's hat," "made fun" of his jacket "as it's made out of naugahyde." Exhibit 1, Attachment A at MC000027. Defendant Edwards-El explained that, at the time of the incident, he "didn't realize Larry's behavior and comments had got to him to the point it made him so mad." *Id.*, Attachment A at MC000028. He believes that Plaintiff is a "bigot, a racist, is prejudice . . . . Larry constantly called Sean 'Boy' which he took as a racial slur." *Id.* Regarding the incident, Defendant Edwards-El told the investigators that the assault "was more something he did in the heat of the moment. . ..He wasn't thinking like a cop for the moment, he was thinking just him and me." *Id.*, Attachment A at MC000029.

during work hours. He deviated fully from his usual duties and for personal and bad motives tortiously beat the plaintiff." *Id.* at 359. The district court therefore held that the bar proprietor was not liable for *respondeat superior* in connection with the assault.

Because Defendant Edwards-El's conduct was outside the course and scope of his MCSO employment, Defendant Sheriff Arpaio is not vicariously liable for assault under a *respondeat superior* theory. Count One (Assault/Respondeat Superior against Arpaio) therefore fails and must be dismissed with prejudice as a matter of law.

### IV. Because Plaintiff Failed to Allege Facts Sufficient to Establish that Defendant Edwards-El Acted Under Color of State Law, Count Three Against Arpaio Must Be Dismissed With Prejudice.

Count Three alleges that Defendant Sheriff Arpaio is liable for constitutional violations under Section 1983 arising out of the purported assault by virtue of a *respondeat superior* theory. Complaint, ¶29.

Acting under color of state law is "a jurisdictional requisite for a § 1983 action." *West v. Atkins,* 487 U.S. 42, 46 (1988). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.*, 487 U.S. at 49 (1988) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.*, 487 U.S. at 49-50.

Just because a defendant is a police officer does not mean that everything he or she does is state action. *See, Gritchen v. Collier*, 254 F.3d 807, 812-813 (9th Cir. 2001) (police officer not acting under color of state law when he threatened to file a defamation claim against motorist who filed a complaint about his conduct); *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 838 (9th Cir.1996) ("The district court was not required to find that [the officer] acted under color of state law merely because he was a law enforcement

9

officer;" actions assaulting and attempting to rob victims were the deputy's private actions and were not under color of law).  The Ninth Circuit has held that there are three critical requirements that must be satisfied. First, the defendant's action must have been "performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties." Second, the officer's pretense of acting in the performance of his duties must have had the purpose and effect of influencing the behavior of others. Third, the challenged conduct must be "related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Anderson v. Warner*, 451 F.3d 1063, 1068-1069 (9th Cir. 2006) (police officer acted under color of state law when he used his law enforcement status to keep bystanders from interfering with his assault on a motorist who hit his vehicle).  The first two requirements are considered together. *Id.*

"If a government officer does not act within [the] scope of employment or under the color of state law, then that government officer acts as a private citizen." *Van Ort*, 92 F.3d at 835; *see also Gritchin*, 254 F.3d at 812-13.

Here, Plaintiff failed to allege facts sufficient to show that Defendant Edwards-El assaulted Plaintiff while acting or pretending to act in performance of his official duties with the purpose and effect of influencing the behavior of others.  As discussed in Part III, *supra*, Plaintiff has not alleged facts sufficient to establish that Defendant Edwards-El's assault was related at all to MCSO inspection activities being conducted at the Fed Ex location or any other law enforcement duties.  Further, there are no facts alleged that would show that Defendant Edwards-El invoked his status as a MCSO Deputy when he perpetrated the assault.  Rather, considering the allegations as true, a reasonable fact finder would conclude that Defendant Edwards-El assaulted Plaintiff arising out of a purely personal dispute.

Accordingly, Plaintiff cannot show that Defendant Edwards-El acted under color of state law as required by Section 1983.  Plaintiff therefore has failed to allege facts

sufficient to demonstrate an essential element of his Section 1983 claim against Defendant Sheriff Arpaio. Count Three (Section 1983/Respondeat Superior against Arpaio) must be dismissed with prejudice as a matter of law.

### V. Count Three Also Must Be Dismissed with Prejudice Because There Is No *Respondeat Superior* Liability Under Section 1983.

There is no *respondeat superior* liability under Section 1983. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002); *Hansen v. Black*, 885 F.2d 642, 645-646 (9th Cir. 1989). *See also, Rizzo v. Goode*, 423 U.S. 362, 371, 376 (1976). In order to make out a Section 1983 claim against a supervisor, a plaintiff must plead that the supervisor defendant, through his or her own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 129 S.Ct. at 1948. In order for a person acting under color of state law to be liable under Section 1983 there must be a showing of personal participation in the alleged rights deprivation. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (requiring personal participation in the alleged constitutional violations).

Here, Count Three alleges that Defendant Sheriff Arpaio is liable under Section 1983 "for the actions of his deputy agents and/or other employees at MCSO, pursuant to the principle of Respondeat Superior." Complaint, ¶ 29.

Plaintiff has not asserted any allegations sufficient to suggest that Defendant Sheriff Arpaio personally took any action that resulted in a violation of Plaintiff's constitutional rights. Plaintiff has not made any allegations sufficient to establish that Defendant Sheriff Arpaio knew that Plaintiff was going to be assaulted or that Defendant Sheriff Arpaio was directly involved in the assault in any way. Plaintiff failed to allege facts sufficient to show that Defendant Sheriff Arpaio participated in the alleged constitutional violation, that he directed it, or that he showed a "callous indifference" to Plaintiff's rights. *See, Edgerly v. City & County of San Francisco,* 599 F.3d 946, 961–62 (9th Cir. 2010) (district court properly dismissed plaintiff's § 1983 claims against police supervisor because "[n]o reasonable trier of fact could find that Schiff had any personal

involvement in the incident because he was not aware of the arrest or [illegal strip] search until after they were completed, when he authorized the Officers to cite and release [plaintiff].").

Because Plaintiff's Section 1983 claim against Defendant Sheriff Arpaio is based solely on a non-cognizable theory of *respondeat superior*, Count Three (Section 1983/Respondeat Superior against Arpaio) fails and must be dismissed with prejudice as a matter of law.

### VI.    A.R.S. 12-821.01 Statutorily Bars Count Two Against Arpaio.

Arizona law requires that

> [p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A).

In Arizona, a public entity and its employees are entitled to a notice of claim against them and a notice of claim must be served upon both the entity and employee individually. *Crum v. Superior Court*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App. 1996); *Johnson v. Superior Court*, 158 Ariz. 507, 509, 763 P.2d 1382, 1384 (App.1988); *Harris v. Cochise Health Systems*, 215 Ariz. 344, 351, 160 P.3d 223, 230 (App. 2007). "Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred." *Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, 152 P.3d 490, 492 (2007); *see also* A.R.S. § 12-821.01(A). This is so that public entities and employees can fairly investigate and assess the issues of liability and law raised by the NOC, permit the possibility of settlement prior to litigation, and engage in financial planning and budgeting. *Id*.

. . .

Compliance with the notice provision of § 12-821.01(A) is a "mandatory" and "essential" prerequisite to such an action. *Salerno v. Espinoza*, 210 Ariz. 586, 115 P.3d 626, 628 (App.2005); *Harris*, 215 Ariz. at 351, 160 P.3d at 230. Further, "[a]ctual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 144 P.3d 1254, 1256 (2006); *Deer Valley*, 214 Ariz. at 299, 152 P.3d at 496; *Harris*, 215 Ariz. at 351, 160 P.3d at 230.

Plaintiff's NOC asserts state law claims against Defendant Edwards-El for alleged assault. It also asserts a state law claim for <u>vicarious</u> liability against Defendant Sheriff Arpaio in connection with Defendant Edwards-El's assault. *See*, Exhibit 1 at Attachment A, p. 2.

The NOC however does not allege any facts that would put Defendant Sheriff Arpaio on notice that Plaintiff was asserting a state law claim for <u>direct negligence against him</u> for negligent hiring, training and retention or negligent policies and procedures. There are no allegations that would remotely suggest that Sheriff Arpaio knew or should have known that hiring, training and retention of Defendant Edwards-El or policies and procedures at MCSO created an unreasonable risk of harm to Plaintiff. *Quinonez v. Andersen,* 144 Ariz. 193, 197, 696 P.2d 1342, 1346 (App.1984); *see generally, Olson*, 23 Ariz.App. at 577, 534 P. 2d at 1076 (1975). Indeed, the NOC does not even contain the words "hiring," "training," "retention," "policies" or "procedures."

Because the NOC did not set forth facts "sufficient to permit [Defendant Sheriff Arpaio] to understand" that <u>his own conduct</u> was one of the bases for alleged liability, Plaintiff is statutorily barred from asserting a direct negligence claim against Defendant Sheriff Arpaio in the Complaint. A.R.S. § 12–821.01. Count Two (Negligence against Arpaio) therefore fails as a matter of law, and must be dismissed with prejudice. *See e.g. Canyon del Rio Investors, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 258 P.3d 154, 162 (App. 2011) (misrepresentation claim barred where NOC did not contain allegations regarding alleged misrepresentation).

## VII. Conclusion.

For the foregoing reasons, Plaintiff has failed to state a claim against Defendant Sheriff Arpaio, and the Complaint should be dismissed with prejudice as a matter of law.

RESPECTFULLY SUBMITTED this 2nd day of March 2012.

        WILLIAM G. MONTGOMERY
        MARICOPA COUNTY ATTORNEY

BY: /s/ Ann Thompson Uglietta
     ANN THOMPSON UGLIETTA
     LAURENCE G. TINSLEY, JR.
     Attorneys for Defendant Sheriff Joseph M. Arpaio

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

COPIES electronically sent
this 2nd day of March 2012 to:

Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 622, SPC 80
Phoenix, Arizona 85003

and copies mailed to:

Kenneth P. Gerber
Kevin Garrison
GARRISON LAW FIRM
7972 West Thunderbird Rd., Suite 107
Peoria, Arizona 85381
Attorneys for Plaintiff

. . .

. . .

14

| | |
|---|---|
| 1 | Erin E. Byrnes |
| 2 | BERKE LAW FIRM, PLLC |
|   | 1601 North 7th Street, Suite 360 |
| 3 | Phoenix, Arizona 85006-2223 |
|   | Attorneys for Defendant Edwards-El |

/s/ Lea Wink

S:\COUNSEL\Civil\Matters\CJ\2011\Strickler V. Arpaio CJ11-0066\Pleadings\MTD\ARPAIO MTD 3-2-12.Docx