VICTIM SERVICES      Fax 6025344540            Mar 17 2011 05:10pm P011/027

```
** PUBLIC **        PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **
SUPPLEMENT          PAGE NUMBER:   1        DR NUMBER: 2011 00196458    1
```

REPORT DATE: 20110203   TIME: 1532
                                                              OFFENSE: 240
TYPE OF REPORT: ASSAULT

PROSECUTION DESIRED: YES

BOOKING VICTIM NOTIFIED: YES

LOCATION: 004475 N 43RD AVENUE                 BEAT: 0822   GRID: BH19
          FED EX

DATE/TIME OF OCCURRENCE:  THU   020311   0755
REPORTING OFFICER[S]: MATTHEW SCHOUTEN            8285      UNIT: C51
                      AMY BOWEN                   8200

                                                  OCCUPIED: YES
PREMISES: WAREHOUSE/FACTORY

OFFENSE INVOLVED: BIAS - NONE(NO BIAS)

PARTY-CREW: NO

PHOTOGRAPHS TAKEN: NO    BY:

SCENE PROCESSED FOR LATENTS: NO   BY:

CALL PERSON: VICTIM 01

                        **** NARRATIVE ****

  SERIAL NUMBER: 8285

*******
SUMMARY
*******

ON 02-03-11 AT 1345 HOURS, I WAS CONTACTED BY SERGEANT VASQUEZ #5680 OF
THE VIOLENT CRIMES BUREAU, ASSAULT UNIT TO ASSIST IN AN INVESTIGATION OF
AN ASSAULT THAT OCCURRED EARLIER IN THE MORNING AT THE FEDERAL EXPRESS
LOCATION AT 4475 N 43RD AVENUE IN PHOENIX.

I WAS INFORMED THAT THREE WITNESSES WERE COMING TO POLICE HEADQUARTERS AT
620 W WASHINGTON TO BE INTERVIEWED REGARDING THE INCIDENT. I CONDUCTED THE
INTERVIEWS OF THE THREE WITNESSES, WHO ARE ALL DETECTIVES WITH THE
MARICOPA COUNTY SHERIFF'S OFFICE. ALL THREE WERE WORKING IN OFFICIAL
CAPACITY AS LAW ENFORCEMENT OFFICERS AT THE FEDERAL EXPRESS, TASKED WITH
DRUG INTERDICTION OF PACKAGES.

THE WITNESSES ARE AS FOLLOWS:

DET. ROB KINNETT #957
DET. APOLINAR MENDOZA #1377

    2011 00196458    1                                         Continued.

VICTIM SERVICES     Fax 6025344540     Mar 17 2011 05:11pm P012/027

** PUBLIC **     PHOENIX POLICE DEPARTMENT REPORT     ** RECORD **

SUPPLEMENT     PAGE NUMBER:  2     DR NUMBER: 2011 00196458     1

DET. TIM ABRAHAMSON #1725

INTERVIEWS WITH ALL THREE WITNESSES WERE CONDUCTED AT THE VIOLENT CRIMES BUREAU, INTERVIEW ROOM #5 AND WERE AUDIO AND VIDEO RECORDED. THE FOLLOWING IS A SUMMARY OF THE INTERVIEWS WITH THEM. ALSO PRESENT IN THE INTERVIEWS WAS DETECTIVE BOWEN #8200. DURING EACH INTERVIEW, THE OTHER WITNESSES WERE IN THE PRESENCE OF SERGEANT HUDSON #6052.

*****************
KINNETT INTERVIEW
*****************

START TIME: 1423 HOURS
END TIME: 1436 HOURS

SUMMARY:

W1 ROB KINNETT SAID THAT HE AND THREE OF HIS COWORKERS WERE ON DUTY AT THE FED EX TODAY WORKING DRUG INTERDICTION. HE STATED THAT AN INCIDENT HAD OCCURRED BETWEEN SP1 SEAN EDWARDS AND A FED EX EMPLOYEE IDENTIFIED AS LARRY STRICKLER. THEY ARRIVED AT FED EX AT APPROXIMATELY 0600 HOURS BUT DID NOT START WORKING UNTIL ABOUT 0800 HOURS WHEN THE FED EX EMPLOYEES ARRIVE. ROB DID NOT KNOW OF ANY ISSUES PREVIOUSLY BETWEEN LARRY AND SEAN. HE STATED THAT LARRY IS A TRUCK DRIVER AT FED EX WHO THEY HAVE CONTACT WITH ON A NORMAL BASIS.

ROB SAID HE AND SEAN WERE HAVING A CONVERSATION WITH EACH OTHER ABOUT THE KOREAN WAR. LARRY CAME IN AND CAME UP TO SEAN WITH HIS HAND OUT AS IF TO SHAKE HANDS WITH HIM WHILE HE AND SEAN WERE TALKING. ROB SAID SEAN SAID SOMETHING TO LARRY ABOUT THE FACT THAT HE WAS IN THE MIDDLE OF A CONVERSATION. ROB SAID HE DID NOT PAY SPECIFIC ATTENTION TO THEM AFTER THAT UNTIL HE SAID HE LOOKED AND SAW LARRY AND SEAN "ENTANGLED." ROB EXPLAINED TO ME THAT WHAT HE MEANT BY ENTANGLED WAS THAT THEY HAD A HOLD OF EACH OTHER, BUT THAT NO BLOWS (PUNCHES) WERE THROWN BY EITHER ONE. HE SAID HE COULD NOT TELL EXACTLY HOW THEY HAD A HOLD OF EACH OTHER BUT THAT HE HEARD LARRY SAY, "HE'S CHOKING ME," SO HE INTERVENED AND SEPARATED THEM. HE SAID HE COULD NOT SEE WHETHER OR NOT SEAN HAD A CHOKE ON LARRY BECAUSE HE WAS LOOKING AT THEIR FACIAL EXPRESSIONS. HE THOUGHT THE WHOLE THING MIGHT HAVE BEEN A JOKE AT FIRST BUT THEN REALIZED THAT IT WAS GETTING HEATED.

ROB DESCRIBED THAT THERE IS A NUMBER OF FED EX TRUCKS THAT PARK IN A ROW, BACKED UP TO A SYSTEM OF TWO CONVEYOR BELTS FOR MOVING PACKAGES. HE SAID THAT WHEN THE ALTERCATION HAPPENED, LARRY AND SEAN HAD MOVED DOWN AWAY FROM THE BELT ON THE SIDE OF ONE OF THE TRUCKS, MAKING IT DIFFICULT FOR HIM TO SEE CLEARLY EXACTLY WHAT WAS HAPPENING. ROB SAID HE WAS NOT ABLE TO HEAR THE CONVERSATION BETWEEN SEAN AND LARRY PRIOR TO THE INCIDENT, BUT THAT THEY ALL, REFERRING TO HE AND THE OTHER DETECTIVES AND LARRY ALWAYS JOKE BACK AND FORTH WITH EACH OTHER EVERY DAY, BUT THAT HE DOES NOT PAY MUCH ATTENTION TO WHAT IS SAID MOST OF THE TIME.

Continued.

2011 00196458     1

VICTIM SERVICES        Fax 6025344540           Mar 17 2011 05:11pm  P013/021

** PUBLIC **        PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **

SUPPLEMENT          PAGE NUMBER:  3      DR NUMBER: 2011 00196458      1

THIS CONCLUDED THE INTERVIEW WITH ROB KINNETT.

*****************
MENDOZA INTERVIEW
*****************

START TIME: 1437 HOURS
END TIME: 1450 HOURS

SUMMARY:

W2 APOLINAR SAID THEY BEGAN WORKING AT 0800 HOURS AND THAT AN INCIDENT HAD OCCURRED BETWEEN SEAN EDWARDS AND LARRY. HE EXPLAINED THAT LARRY'S TRUCK IS PARKED AT THE END OF THE LARGE CONVEYER BELT THAT RUNS BETWEEN ALL OF THE TRUCKS, AND THAT HE AND ABRAHAMSON "ABE" WERE ON THE NORTH SIDE OF THE BELT, OPPOSITE OF SEAN AND ROB WHO WERE TALKING TOGETHER. HE AND ABE WERE GETTING THEIR COMPUTER TURNED ON AND READY TO USE. HE APPROXIMATED THE DISTANCE TO BE 12 TO 20 FEET AWAY FROM WHERE HE AND TIM WERE. HE WAS NOT ABLE TO HEAR ANYTHING THAT WAS SPECIFICALLY SAID BUT KNEW THAT SEAN AND ROB WERE TALKING TO EACH OTHER. HE SAID LARRY NORMALLY WILL COME OVER AND SAY GOOD MORNING TO THEM, WHICH HE DID THIS MORNING. HE DESCRIBED THAT SEAN AND ROB WERE STANDING TALKING TO EACH OTHER AND THAT LARRY "INCHED" IN BETWEEN THEM, INTERRUPTING THEM, AND PUT HIS HAND OUT AS IF TO SHAKE HANDS WITH SEAN. HE SAID HE SAW SEAN MOVE TO THE SIDE, IGNORING LARRY AND BEGAN TO CONTINUE HIS CONVERSATION HE WAS HAVING WITH ROB. HE SAID LARRY THEN GOT BETWEEN THEM A SECOND TIME, PUTTING OUT HIS HAND TOWARD SEAN AS IF TO SHAKE HANDS.

I ASKED APOLINAR IF HE WAS AWARE OF ANY PAST ISSUES WITH LARRY AND SEAN AND HE SAID THEY ARE ALWAYS VERY CORDIAL WITH LARRY AND MOST OF THE OTHER FED EX EMPLOYEES THAT WORK AT THE FACILITY. WE THEN ASKED APOLINAR WHAT EXACTLY HAPPENED AFTER THE SECOND TIME THAT LARRY INTERRUPTED SEAN AND ROB. HE SAID HE SAW SEAN PUT HIS HAND AROUND THE FRONT OF LARRY'S THROAT AND HIS OTHER HAND BEHIND HIS NECK, HE DID NOT KNOW EXACTLY WHICH HAND WAS WHERE, BUT HE DESCRIBED IT AS BEING VERY QUICK, AS IF SEAN WAS MOVING LARRY OUT OF HIS WAY. HE SAID HE FIGURED SOMETHING WAS WRONG WHEN HE HEARD LARRY TELLING SEAN TO LET HIM GO. HE SAID ROB KINNETT WAS RIGHT THERE AND THAT HE JUMPED IN AND SEPARATED SEAN AND LARRY. AFTER SEAN RELEASED LARRY HE GAVE LARRY A SHOVE AWAY FROM HIM. MENDOZA SAID IT DID NOT APPEAR TO LAST MORE THAN 6 TO 10 SECONDS AND THAT LARRY DID NOT APPEAR TO HAVE PROBLEMS BREATHING AND WAS ABLE TO TALK DURING IT. LARRY AND SEAN WERE FACE TO FACE DURING THE INCIDENT. AFTER THE TWO WERE SEPARATED, ROB STOOD BETWEEN LARRY AND SEAN TO KEEP THEM APART FROM EACH OTHER. HE SAID LARRY WAS UPSET AND SAID HE WAS GOING TO TALK TO HIS SUPERVISOR. HE WAS NOT ABLE TO SEE ANY KIND OF INJURIES ON LARRY OR SEAN.

THIS CONCLUDED THE INTERVIEW WITH APOLINAR.

*******************
ABRAHAMSON INTERVIEW
*******************

Continued.

2011 00196458      1

VICTIM SERVICES      Fax 6025344540      Mar 17 2011 05:11pm P014/021

```
** PUBLIC **        PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **

SUPPLEMENT          PAGE NUMBER:    4        DR NUMBER: 2011 00196458      1
```

START TIME: 1452 HOURS
END TIME: 1508 HOURS

SUMMARY:

W3 TIM ABRAHAMSON SAID THEIR WORK DAY STARTED AT ABOUT 0800 HOURS AND THAT THIS INCIDENT OCCURRED AT THE VERY BEGINNING OF THE DAY. TIM AND APOLINAR WERE ON THE NORTH SIDE OF THE CONVEYOR BELT HOOKING UP THE COMPUTER AND SEAN AND ROB WERE TALKING TO EACH OTHER ON THE OTHER SIDE OF THE CONVEYOR BELT. HE SAID THE FED EX EMPLOYEES CAME IN TO THE WAREHOUSE, AT WHICH POINT LARRY CAME IN AND WALKED PAST HE AND MENDOZA AND JUMPED ACROSS THE BELT TO WHERE HIS TRUCK IS. LARRY SAID GOOD MORNING TO EVERYONE. HE SAID THEY NORMALLY TALK TO EACH OTHER AND JOKE AROUND WITH AND HASSLE EACH OTHER ABOUT DIFFERENT THINGS. HE SAID LARRY MIGHT HAVE MADE A COMMENT ABOUT THE STEELERS. AFTER LARRY JUMPED ACROSS THE BELT, HE WALKED UP TO SAY HI TO ROB AND SEAN. LARRY PUT HIS HAND OUT TO SEAN TO SHAKE HIS HAND AND HE HEARD SEAN SAY TO LARRY, "GET THE FUCK AWAY FROM ME." PRIOR TO THIS, TIM WAS NOT AWARE OF SEAN AND LARRY HAVING ANY PROBLEMS WITH EACH OTHER IN THE PAST.

TIM SAID THEY ALL TAKE TURNS "BUSTING" ON EACH OTHER AND THAT THEY WERE GIVING SEAN A HARD TIME ABOUT HIM GOING HUNTING AND SHOOTING A BUCK. THEY ALSO SAID THEY WERE PICKING ON SEAN THIS WEEK ABOUT HIS JACKET AND THAT LARRY WAS GIVING SEAN A HARD TIME ABOUT IT THE WHOLE WEEK. I ASKED TIM IF HE HEARD LARRY SAY ANYTHING TO SEAN WHEN HE PUT OUT HIS HAND TO SHAKE AND HE SAID HE DID NOT. SHORTLY AFTER SEAN HAD SAID TO LARRY, "GET THE FUCK AWAY FROM ME." TIM SAW SEAN GRAB LARRY WITH ONE HAND ON THE FRONT OF HIS THROAT AND THE OTHER HAND ON THE BACK OF HIS NECK. TIM SAID HE THOUGHT THE WHOLE THING MAY HAVE BEEN A JOKE WHEN HE FIRST SAW IT HAPPENING. SEAN WAS FACING LARRY PARTIALLY TO THE SIDE WHEN HE HAD A HOLD OF HIM. TIM SAID SEAN DID NOT HAVE A GRIP ON LARRY FOR VERY LONG, NO LONGER THAT 15 SECONDS AND THAT HE STILL THOUGHT IT WAS THEM "SCREWING AROUND." HE SAID THAT WHILE SEAN HAD LARRY BY THE NECK, LARRY AND SEAN HAD MOVED FURTHER OUT PAST THE BELTS AND TOWARD THE LARGE DOOR TO THE OUTSIDE. TIM SAID LARRY DID NOT PASS OUT OR APPEAR TO HAVE ANY TROUBLE BREATHING IN ANY WAY BECAUSE HE HEARD LARRY SAY, "FUCKING STOP," AND THAT THE FACT THAT LARRY WAS TALKING INDICATES HE CAN BREATHE.

SEAN THEN PUSHED LARRY AWAY LETTING GO OF HIM, AFTER WHICH LARRY PUT HIS ARMS UP AND STEPPED TOWARD SEAN SAYING, "WHAT THE FUCK WAS THAT?" SEAN THEN SHOVED LARRY BACK AGAINST THE TRUCK. LARRY BACKED AWAY, GRABBED HIS THINGS AND PUT THEM IN HIS TRUCK, TELLING THEM THAT IT WAS FED EX PROPERTY AND TO GET SEAN OUT OF THERE. I ASKED TIM IF HE HAD ANY IDEA WHAT CAUSED THIS INCIDENT TO GO FROM THEM ARGUING TO BEING PHYSICAL. HE INDICATED THAT HE DID NOT KNOW WHAT TRIGGERED IT, BUT THAT THEY WERE ALL BUSTING ON SEAN THIS WEEK ABOUT HIS JACKET, SAYING IT WAS A "NOGGA-HIDE" JACKET AND ASKING HIM "HOW MANY NOGGS DID HE HAVE TO KILL TO GET THAT JACKET." HE AGAIN REITERATED THAT HE WAS NOT ABLE TO HEAR SOMETHING SPECIFICALLY THAT WOULD HAVE BEEN THE TRIGGER FOR THIS INCIDENT.

```
2011 00196458      1                                              Continued.
```

RECEIVED 03-17-11 17:02    FROM- 6025344540    TO-    AMG ANTHEM    MC000019 P0014/002

VICTIM SERVICES    Fax 6025344540        Mar 17 2011 05:11pm P015/027

```
** PUBLIC **        PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **
SUPPLEMENT          PAGE NUMBER:  5      DR NUMBER: 2011 00196458      1
```

THIS CONCLUDED THE INTERVIEW WITH TIM.

VICTIM RECEIVED RIGHTS INFORMATION:  YES          MAIL-IN SUPPLEMENT:  NO

INVOICES:

DR ENTERED BY : 8285    DR FINALIZED BY : 8285

END OF REPORT          DR NO: 2011 00196458   00:

VICTIM SERVICES       Fax 6025344540         Mar 17 2011 05:11pm P016/021

** PUBLIC **       PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **

SUPPLEMENT         PAGE NUMBER:   1     DR NUMBER: 2011 00196458      2

REPORT DATE: 20110204   TIME: 0747

TYPE OF REPORT: ASSAULT                                OFFENSE: 240

LOCATION: 004475 N 43RD AVENUE                     BEAT: 0822   GRID: BH19
          FED EX

DATE/TIME OF OCCURRENCE:   THU   020311   0755

REPORTING OFFICER[S]: AMY BOWEN                    8200       UNIT: C51

OFFENSE INVOLVED: BIAS - UNKNOWN BIAS

                          **** NARRATIVE ****

SERIAL NUMBER: 8200

ON 2/3/11 AT 1422 HOURS, I MONITORED AN INTERVIEW OF ROB KINNETT, WHICH
WAS CONDUCTED BY DETECTIVE M. SCHOUTEN #8285, AND TOOK PLACE IN THE
VIOLENT CRIMES BUREAU, INTERVIEW ROOM 5, ON THE SECOND FLOOR AT 620 WEST
WASHINGTON STREET. THIS INTERVIEW WAS AUDIO AND VIDEO RECORDED USING THE
"FOR THE RECORD" DIGITAL AUDIO AND VIDEO RECORDING SOFTWARE.

THE INTERVIEW ENDED AT 1436 HOURS.

THERE WERE NO INTERRUPTIONS IN THE MONITORING AND/OR RECORDING OF THE
INTERVIEW FROM ITS BEGINNING TO ITS CONCLUSION.

020411   A5026   0748 HOURS

VICTIM RECEIVED RIGHTS INFORMATION:   NO          MAIL-IN SUPPLEMENT:

INVOICES:

DR ENTERED BY : A5026    DR FINALIZED BY : 8200
                          END OF REPORT            DR NO: 2011 00196458    0

VICTIM SERVICES      Fax 6025344540              Mar 11 2011 05:11pm P0017/021

** PUBLIC **      PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **

SUPPLEMENT       PAGE NUMBER:   1       DR NUMBER: 2011 00196458    3

REPORT DATE: 20110204   TIME: 0749

TYPE OF REPORT: ASSAULT                          OFFENSE: 240

LOCATION: 004475 N 43RD AVENUE                BEAT: 0822  GRID: BH19
          FED EX

DATE/TIME OF OCCURRENCE:   THU  020311   1437

REPORTING OFFICER[S]: AMY BOWEN                  8200      UNIT: C51

OFFENSE INVOLVED: BIAS - UNKNOWN BIAS

**** NARRATIVE ****

SERIAL NUMBER: 8200

ON 2/3/11 AT 1437 HOURS, I MONITORED AN INTERVIEW OF APOLINAR MENDOZA,
WHICH WAS CONDUCTED BY DETECTIVE M. SCHOUTEN #8285, AND TOOK PLACE IN THE
VIOLENT CRIMES BUREAU, INTERVIEW ROOM 5, ON THE SECOND FLOOR AT 620 WEST
WASHINGTON STREET. THIS INTERVIEW WAS AUDIO AND VIDEO RECORDED USING THE
"FOR THE RECORD" DIGITAL AUDIO AND VIDEO RECORDING SOFTWARE.

THE INTERVIEW ENDED AT 1450 HOURS.

THERE WERE NO INTERRUPTIONS IN THE MONITORING AND/OR RECORDING OF THE
INTERVIEW FROM ITS BEGINNING TO ITS CONCLUSION.

020411   A5026   0750 HOURS

VICTIM RECEIVED RIGHTS INFORMATION:  NO          MAIL-IN SUPPLEMENT:

INVOICES:

  DR ENTERED BY : A5026    DR FINALIZED BY : 8200

                        END OF REPORT               DR NO: 2011 00196458   0(

VICTIM SERVICES          Fax 6025344540           Mar 17 2011 05:11PM P018/021

```
** PUBLIC **         PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **

  SUPPLEMENT         PAGE NUMBER:   1       DR NUMBER: 2011 00196458    4
```

REPORT DATE: 20110204   TIME: 0751

TYPE OF REPORT: ASSAULT                              OFFENSE: 240

LOCATION: 004475 N 43RD AVENUE                       BEAT: 0822   GRID: BH19
          FED EX

DATE/TIME OF OCCURRENCE:   THU    020311   0755
                                                     8200      UNIT: C51
REPORTING OFFICER(S): AMY BOWEN

OFFENSE INVOLVED:  BIAS - UNKNOWN BIAS

****  NARRATIVE  ****

SERIAL NUMBER: 8200

ON 2/3/11 AT 1452 HOURS, I MONITORED AN INTERVIEW OF TIM ABRAHAMSON, WHICH WAS CONDUCTED BY DETECTIVE M. SCHOUTEN #8285, AND TOOK PLACE IN THE VIOLENT CRIMES BUREAU, INTERVIEW ROOM 5, ON THE SECOND FLOOR AT 620 WEST WASHINGTON STREET. THIS INTERVIEW WAS AUDIO AND VIDEO RECORDED USING THE "FOR THE RECORD" DIGITAL AUDIO AND VIDEO RECORDING SOFTWARE.

THE INTERVIEW ENDED AT 1508 HOURS.

THERE WERE NO INTERRUPTIONS IN THE MONITORING AND/OR RECORDING OF THE INTERVIEW FROM ITS BEGINNING TO ITS CONCLUSION.

020411   A5026   0752 HOURS

VICTIM RECEIVED RIGHTS INFORMATION:  NO             MAIL-IN SUPPLEMENT:

INVOICES:

DR ENTERED BY : A5026     DR FINALIZED BY : 8200

                    END OF REPORT                   DR NO: 2011 00196458   0

```
                    VICTIM SERVICES     Fax 6025344540      Mar 17 2011 05:11pm P019/027

   ** PUBLIC **     PHOENIX POLICE DEPARTMENT REPORT           ** RECORD **

   SUPPLEMENT       PAGE NUMBER:    1       DR NUMBER: 2011 00196458      5


REPORT DATE: 20110204   TIME: 1535

TYPE OF REPORT: ASSAULT                                         OFFENSE: 240

LOCATION: 004475 N 43RD AVENUE                      BEAT: 0822   GRID: BH19
               FED EX

DATE/TIME OF OCCURRENCE:   THU    020311    0755

REPORTING OFFICER[S]: AUDRA VANZANT                    5902      UNIT: C51

OFFENSE INVOLVED: BIAS - NONE(NO BIAS)

                        ****  NARRATIVE  ****
   SERIAL NUMBER: 5902

ON 02-03-2011 AT 1606 HOURS, I MONITORED AN INTERVIEW OF SEAN EDWARDS,
WHICH WAS CONDUCTED BY DETECTIVE CONNELL #5549 AND TOOK PLACE IN THE
VIOLENT CRIMES BUREAU, INTERVIEW ROOM 5, ON THE SECOND FLOOR AT 620 WEST
WASHINGTON STREET. THIS INTERVIEW WAS AUDIO AND VIDEO RECORDED USING THE
"FOR THE RECORD" DIGITAL AUDIO AND VIDEO RECORDING SOFTWARE.

THE INTERVIEW ENDED AT 1658 HOURS.

THERE WERE NO INTERRUPTIONS IN THE MONITORING AND/OR RECORDING OF THE
INTERVIEW FROM ITS BEGINNING TO ITS CONCLUSION.

020411   A5026   1537 HOURS


  VICTIM RECEIVED RIGHTS INFORMATION:   NO        MAIL-IN SUPPLEMENT:

INVOICES:

  DR ENTERED BY : A5026    DR FINALIZED BY : 5902

                         END OF REPORT           DR NO: 2011 00196458    005
```

VICTIM SERVICES          Fax 6025344540          Mar 17 2011 05:12pm P020/027

```
** PUBLIC **     PHOENIX POLICE DEPARTMENT REPORT       ** RECORD **

   SUPPLEMENT         PAGE NUMBER:  1      DR NUMBER: 2011 00196458     6


REPORT DATE: 20110208    TIME: 1430

TYPE OF REPORT: ASSAULT                                OFFENSE: 240

LOCATION: 004475 N 43RD AVENUE                    BEAT: 0822  GRID: BH19
                   FED EX

DATE/TIME OF OCCURRENCE:   THU    020311    0755

REPORTING OFFICER[S]: ROBERT WENRICK             3608      UNIT: C53

OFFENSE INVOLVED: BIAS - UNKNOWN BIAS

                      ***  PROPERTY/EVIDENCE  ***

RECOVERY LOCATION: 000620 W WASHINGTON ST
DATE: 020811                  SEARCH WARRANT INVOLVED: NO

0001  PKG 000  CODE:EI   IS01
         ITEM: *MISC  BRAND:           MODEL:           COLOR:
     SIZE:        QUANTITY: 0003   SERIAL/ACCT/ID:
     DESCRIPTION: ONE TYPED MEMO BY IS1 DETECTIVE EDWARDS SENT TO
     ME BY E-MAIL AND THE TWO EMAILS RELATED TO THE MEMO. THE MEMO HAS TYPED
     STATEMENTS BY EDWARDS WITH REGARDS TO THE INCIDENT BETWEEN V1 AND IS1.

                      ****  NARRATIVE  ****
SERIAL NUMBER: 3608
```

ON 020411 I RECEIVED A PHONE VOICE MAIL MESSAGE FROM IS1 DETECTIVE EDWARDS. THE MESSAGE FROM EDWARDS WAS HE HAD A SECOND MEMO WITH EXPLANATIONS OF THE INCIDENT BETWEEN V1 LARRY STICKLER AND HIM AND EDWARDS WANTED TO KNOW IF I WOULD BE INTERESTED IN HAVING A COPY OF THE MEMO. I ATTEMPTED TO CONTACT EDWARDS BACK BY PHONE BUT RECEIVED HIS VOICE MAIL. I LEFT A MESSAGE FOR EDWARDS THAT IF HE WANTED TO SEND ME A COPY OF THE MEMO I WOULD TAKE IT.

ON 020811 WHEN I CAME BACK FROM MY WEEKEND AND I HAD A TWO EMAILS FROM EDWARDS, WITH ONE OF THE EMAILS HAVING AN ATTACHMENT (THE MEMO). I PRINTED OUT THE MEMO AND THE TWO EMAILS (LISTED EVIDENCE IN THIS SUPPLEMENT). I DID SEND A REPLY TO EDWARDS THAT I HAD RECEIVED HIS MEMO.

THIS IS THE SECOND MEMO EDWARDS WROTE ABOUT THE INCIDENT BETWEEN STICKLER AND EDWARDS AND THERE ARE DIFFERENCES BETWEEN THE EXPLANATIONS PRESENTED BY EDWARDS IN THE TWO MEMOS, HOWEVER IN BOTH MEMOS HE ADMITS TO USING SOME FORM OF PHYSICAL FORCE AGAINST STICKLER. FOR DETAILS OF THE CONTENTS IN THE TWO MEMOS READ THE TWO MEMOS IMPOUNDED AS EVIDENCE.

```
   VICTIM RECEIVED RIGHTS INFORMATION:  NO        MAIL-IN SUPPLEMENT:

INVOICES:    3987660


    2011 00196458    .6                                      Continued.
```

RECEIVED 03-17-'11 17:02    FROM- 6025344540        TO-    AMG ANTHEM  MC000025 P0020/00

VICTIM SERVICES          Fax 6025344540           Mar 17 2011 03:12PM

```
** PUBLIC **        PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **
SUPPLEMENT          PAGE NUMBER:   2        DR NUMBER: 2011 00196458      6

DR ENTERED BY : 3608    DR FINALIZED BY : 3608
                        END OF REPORT           DR NO: 2011 00196458    006
```

VICTIM SERVICES          Fax 6025344540              Mar 17 2011 05:12PM  P022/027

```
** PUBLIC **         PHOENIX POLICE DEPARTMENT REPORT           ** RECORD **

  SUPPLEMENT           PAGE NUMBER:   1           DR NUMBER: 2011 00196458.    7

  REPORT DATE: 20110211   TIME: 1046

  TYPE OF REPORT: ASSAULT                                        OFFENSE: 240

  LOCATION: 004475 N 43RD AVENUE                      BEAT: 0822   GRID: BH19
                     FED EX

  DATE/TIME OF OCCURRENCE:    THU     020311    0755

  REPORTING OFFICER[S]: GAIL CONNELL                   5549      UNIT: C52

  OFFENSE INVOLVED: BIAS - UNKNOWN BIAS

                              ****  NARRATIVE  ****
     SERIAL NUMBER: 5549
```

ON 02/03/11 AT APPROXIMATELY 1415 HOURS SGT. LOPEZ ADVISED ME A MARICOPA COUNTY SHERIFF'S DEPUTY (LATER IDENTIFIED AS IS1 SEAN EDWARDS-EL) ALLEGEDLY ASSAULTED A FED-EX EMPLOYEE (LATER IDENTIFIED AS V1 LARRY STICKLER). SGT. LOPEZ REQUESTED I INTERVIEW SEAN WHEN HE ARRIVED AT THE MAIN PHOENIX POLICE STATION.

SEAN ARRIVED AT THE STATION AT APPROXIMATELY 1550 HOURS AND AT APPROXIMATELY 1600 HOURS I INTERVIEWED SEAN IN INTERVIEW ROOM #5. I READ SEAN HIS MIRANDA RIGHTS AT APPROXIMATELY 1610 HOURS TO WHICH HE RESPONDED YES HE UNDERSTOOD HIS RIGHTS. AFTER COLLECTING PERSONAL INFORMATION FROM SEAN I ASKED HIM TO TELL ME WHAT HAPPENED TODAY BETWEEN HIM AND LARRY.

SEAN HAS WORKED FOR THE MARICOPA COUNTY SHERIFF'S OFFICE FOR APPROXIMATELY TEN YEARS AND IS CURRENTLY ASSIGNED TO THE DRUG INTERDICTION SQUAD. SEAN HAS WORKED THE FED-EX HUB WHERE THIS INCIDENT OCCURRED FOR ABOUT TWO YEARS AND DURING THIS TIME LARRY HAS CONSTANTLY RAZZED SEAN ABOUT NUMEROUS THINGS. UP UNTIL TODAY SEAN HAS 'BLOWN HIM OFF', BUT TODAY SEAN JUST WANTED LARRY TO SHUT UP.

WHEN SEAN GOES TO FED-EX HE AVOIDS LARRY, DOESN'T TALK TO HIM AND DOESNT INTERACT WITH HIM BECAUSE HE DOESN'T LIKE HIM. IN HINDSIGHT SEAN FELT WHAT MAY HAVE PUT HIM OVER THE EDGE WAS YESTERDAY HE WAS AT THE HUB TALKING WITH DET. GARCIA AND KATHY MCNEIL, A FED-EX EMPLOYEE ABOUT K-9'S. FROM ACROSS THE HALL, 30 YARDS AWAY LARRY YELLED AT SEAN, "HEY JAMAICA BOY" AS HE KNOWS SEAN IS OF JAMAICAN DECENT. LARRY ALSO PICKED AT SEAN ABOUT HIS SHOES, ASKING IF THEY WERE BOWLING SHOES, MADE FUN OF SEAN'S SCULL CAP ASKING IF IT WAS HIS WIFE'S HAT AND THEN MADE FUN OF LARRY'S JACKET AS IT'S MADE OUT OF NAUGAHYDE.

TODAY SEAN, W1 ROB KINNETT, W2 APOLINAR 'POLI' MENDOSA AND W3 TIM ABRAHAMSON WERE ON DUTY WORKING AT THE FED-EX DISTRIBUTION CENTER CHECKING FOR PACKAGES THAT MAY CONTAIN DRUGS. SEAN AND TIM WERE STANDING ON ONE SIDE OF THE CONVEYOR BELTS TALKING, ROB AND APOLINAR WERE ON THE OTHER SIDE OF THE BELT WAITING FOR THE BELTS TO START MOVING THE PACKAGES.

```
  2011 00196458       7                                            Continued.
```

RECEIVED 03-17-'11 17:02    FROM- 6025344540        TO- AMG ANTHEM    MC000027 P0022/00

VICTIM SERVICES        Fax 6025344540        Mar 17 2011 05:12pm P023/027

```
** PUBLIC **         PHOENIX POLICE DEPARTMENT REPORT       ** RECORD **

SUPPLEMENT           PAGE NUMBER:   2      DR NUMBER: 2011 00196458     7
```

WHILE TIM AND SEAN WERE TALKING, LARRY CAME OVER TO WHERE THEY WERE STANDING, CROSSED OVER THE CONVEYOR BELT, GOT BETWEEN SEAN AND ROB, INTERRUPTING THEIR CONVERSATION IN HIS USUAL LOUD, BOISTEROUS WAY AND WANTED TO TALK TO SEAN. SEAN TOLD LARRY HE WAS HAVING A CONVERSATION WITH ROB AND DIDN'T WANT TO TALK TO HIM AT LEAST THREE TIMES. THE THIRD TIME LARRY CAME IN CLOSER TO SEAN WITH HIS HAND RAISED, GOT BETWEEN ROB AND SEAN AND THAT IS WHEN THE PHYSICAL ALTERCATION OCCURRED.

WHEN LARRY RAISED HIS HAND, SEAN GRABBED HIM BY THE FRONT OF HIS NECK, TOLD HIM HE NEEDED TO STOP TALKING AND HAVE SOME RESPECT. SEAN THEN LET GO OF LARRY AND PUSHED HIM AWAY FROM HIM. THE WHOLE ALTERCATION LASTED TWO TO THREE SECONDS. SEAN DID NOT RESTRICT LARRY'S AIRWAY, THROW HIM TO THE GROUND OR INJURE HIM, "BUT IT DID HAPPEN." SEAN DIDN'T REALIZE LARRY'S BEHAVIOR AND COMMENTS HAD GOT TO HIM TO THE POINT IT MADE HIM SO MAD.

SEAN DID NOT HAVE HIS HAND COMPLETELY AROUND LARRY'S NECK BUT DEMONSTRATED TO ME HIS HANDS WERE ON THE SIDES OF LARRY'S NECK, NOT AROUND HIS WINDPIPE. I ASKED IF HE MOVED LARRY FROM WHERE THEY WERE STANDING AND SEAN SAID THEY WALKED OUTSIDE WITH HIM FORCING LARRY TO WALK BACKWARDS. SEAN TOLD LARRY HE WAS TIRED OF HIS SEXUAL HARASSMENT, RACIST JOKES AND OTHER COMMENTS AND TO LEAVE HIM ALONE. I ASKED SEAN WHERE HIS LEFT HAND WAS WHEN HIS RIGHT HAND WAS AROUND LARRY'S NECK AND HE FIRST SAID IT WAS DOWN AND THEN THOUGHT FOR SEVERAL SECONDS AND SAID HE COULDN'T REMEMBER FOR SURE. I ASKED SEAN IF IT WAS POSSIBLE HE HAD HIS LEFT ARM BEHIND LARRY'S NECK & CAN'T REMEMBER. SEAN SAID IT'S POSSIBLE. I TOLD SEAN MORE THAN ONE PERSON SAID HE WALKED LARRY BACKWARD TO THE FRONT OF THE FED-EX TRUCK WHILE LARRY WAS TELLING HIM TO LET HIM GO. SEAN SAID HE AND LARRY DEFINITELY DIDN'T GO THAT FAR.

SEAN BELIEVES LARRY IS A BIGOT, A RACIST, IS PREJUDICE AND HE IS KNOWN FOR SAYING INAPPROPRIATE THINGS. LARRY CONSTANTLY CALLED SEAN 'BOY' WHICH HE TOOK AS A RACIAL SLUR AND FELT THE COMMENT IS OUT OF LINE REGARDLESS OF WHETHER YOU'RE A COP OR NOT. DURING THE TWO YEARS SEAN HAS WORKED THAT HUB LARRY HAS MADE SEXUALLY HARASSING COMMENTS, SEXUAL INNUENDOS AND SEXUALLY OBSCENE GESTURES TO HIM. LARRY HAS GROPED SEAN BY GRABBING HIS ARM AND FEELING HIS MUSCLES. AT ONE POINT LARRY ASKED SEAN IF HE WORKED OUT THEN STARTED MAKING ACCUSATIONS THAT SEAN WAS USING STEROIDS.

SEAN NEVER REPORTED THE HARASSMENT BECAUSE HE THOUGHT IT WOULD STOP IF HE IGNORED LARRY LONG ENOUGH. SEAN ALSO WORRIED ABOUT DAMAGING THE WORKING RELATIONSHIP HIS DEPARTMENT HAS WITH FED-EX IF HE COMPLAINED NOR DID HE WANT LARRY TO LOSE HIS JOB.

I ASKED SEAN IF HE TOLD LARRY TO STOP WITH THE NAMES AND GESTURES BECAUSE HE FOUND THEM OFFENSIVE. SEAN SAID HE TOLD LARRY SEVERAL TIMES TO LEAVE HIM ALONE AND NOT TO TALK TO HIM BUT NEVER SPECIFICALLY TOLD LARRY THAT CALLING HIM JAMAICA BOY, BLACK BOY AND OTHER NAMES WAS OFFENSIVE TO HIM AND NOT TO USE THOSE TERMS WITH HIM AND TO CALL HIM BY HIS NAME, SEAN.

I ASKED SEAN IF HE THOUGHT AFTER TWO YEARS OF LETTING LARRY USE THESE TERMS WITHOUT TELLING HIM SPECIFICALLY THAT HE FELT THEY WERE OFFENSIVE

Continued

2011 00196458       7

VICTIM SERVICES    Fax 6025344540    Mar 17 2011 05:12pm P024/027

** PUBLIC **         PHOENIX POLICE DEPARTMENT REPORT         ** RECORD **

SUPPLEMENT         PAGE NUMBER:   3     DR NUMBER: 2011 00196458       7

THAT LARRY THOUGHT IT WAS OK TO RAZZ HIM LIKE THAT. SEAN SAID HE SHOULD HAVE SAID SOMETHING TO LARRY SOONER, HE JUST DIDN'T REALIZE HOW MUCH IT BOTHERED HIM UNTIL TODAY.

AFTER SEAN LET LARRY GO, LARRY HEADED STRAIGHT TO THE MANAGEMENT OFFICE AT WHICH TIME SEAN THOUGHT HE'D BETTER LEAVE. SEAN WAS AND IS STILL THINKING ABOUT FILING A REPORT AND CHARGING LARRY FOR THREATENING AND INTIMIDATING, HARASSING AND ASSAULTING AN OFFICER. I ASKED SEAN WHAT PART OF THIS WAS THREATENING AND INTIMIDATING TO HIM AND HE SAID, MY GOING TO WORK AND THE CONSTANT RACIAL SLURS, SEXUAL HARASSMENT, IT GOT TO ME.

IN HINDSIGHT SEAN DIDNT' REALIZE IT WAS BOTHERING HIM THIS MUCH. SEAN SAID, IT ANNOYED ME BUT TODAY I WAS ANGRY AND WHEN HE CAME ON ME, GOT CLOSE WITH HIS HAND RAISED, I WONDERED IF HE WAS GOING TO HIT ME.

I ASKED IF ROB AND THE OTHERS BEING IN SUCH CLOSE PROXIMITY COULD HEAR WHAT WAS BEING SAID BETWEEN HIM AND LARRY AND SEAN BELIEVED THEY COULD HAVE HEARD WHAT WAS SAID BETWEEN HIM AND LARRY ALTHOUGH SHORTLY AFTER THE INCIDENT HE HEARD TIM ASK WHAT JUST HAPPENED?

I ASKED SEAN WHY HE THOUGHT NONE OF HIS COWORKERS SAID SOMETHING ABOUT LARRY MAKING RACIST COMMENTS TO OR ABOUT SEAN DURING THEIR INTERVIEWS TODAY. SEAN TOLD ME LARRY DIDN'T SAY ANYTHING RACIST TODAY. I TOLD SEAN THAT HIS COWORKERS SAID EVERYONE LIKES TO RAZZ EACH OTHER REGULARLY AND THAT ONE OF HIS COWORKERS EVEN TEASED HIM ABOUT NOT KNOWING WHAT NAUGAHYDE WAS AND ASKED HOW MANY NAUGAS IT TOOK TO MAKE HIS JACKET. HIS COWORKERS ALSO WERE SURPRISED HE GOT SO UPSET AND IT SEEMED HE WAS ANGRY ABOUT SOMETHING ELSE. SEAN SAID NO, EVERYTHING ELSE WAS FINE. I ASKED WHY HE NEVER SAID ANYTHING TO HIS COWORKERS ABOUT LARRY'S COMMENTS AND BEHAVIOR AND HE SAID I THINK I HAVE MENTIONED HE'S RACIST.

LARRY TOLD ME HE'S TALKED TO FED-EX MANAGEMENT AND IS COMFORTABLE TALKING TO THEM. I ASKED WHY HE DIDN'T COMPLAIN ABOUT LARRY'S BEHAVIOR AND SEAN SAID HE DIDN'T WANT TO JEOPARDIZE LARRY'S JOB OR THE WORKING RELATIONSHIP WITH THE MARICOPA COUNTY SHERIFF'S OFFICE AND FED-EX BUT REALIZES NOW HE SHOULD HAVE REPORTED LARRY'S BEHAVIOR TO SOMEONE.

I ASKED SEAN IF THE MARICOPA COUNTY SHERIFF'S OFFICE HAS TRAINING FOR THEIR EMPLOYEES REFERENCE DISCRIMINATION OR SEXUAL HARASSMENT AND WHAT TO DO IF IT HAPPENS TO THEM. SEAN SAID THE DEPARTMENT HAS POLICIES AGAINST HARASSMENT AND DISCRIMINATION BUT COULDN'T RECALL WHETHER HE HAD RECEIVED TRAINING ON THE SUBJECT MATTER.

I ASKED SEAN IF THE MANEUVER HE USED ON LARRY WAS SOMETHING HE WAS TRAINED TO DO THROUGH DEFENSIVE TACTIC TRAINING AT WORK AND HE SAID I WOULDN'T SAY SO, IT WAS MORE SOMETHING HE DID IN THE HEAT OF THE MOMENT. SEAN SAID IT WAS AS IF HE WASN'T THINKING LIKE A COP FOR THE MOMENT, HE WAS THINKING JUST HIM AND ME. SEAN THOUGHT LARRY WAS GOING TO GROPE HIM AGAIN, AND EVERYTHING JUST HAPPENED. SEAN SAID HE TEMPORARILY DIDN'T THINK LIKE A COP AND LET IT ROLL OFF HIS SHOULDERS; IT BECAME PERSONAL.

Continued

2011 00196458    7

RECEIVED 03-17-'11 17:02    FROM- 6025344540    TO-    AMG ANTHEM    MC000029    P0024/002

```
              VICTIM SERVICES       Fax 6025344540      Mar 17 2011 03:12pm P025/021

  ** PUBLIC **       PHOENIX POLICE DEPARTMENT REPORT       ** RECORD **

  SUPPLEMENT.        PAGE NUMBER:   4      DR NUMBER: 2011 00196458      7
```

I ASKED SEAN IF THERE WAS ANYTHING ELSE HE WANTED TO TELL ME AND HE SAID HE PROBABLY WOULD AND ASKED FOR A CONTACT NUMBER. I GAVE SEAN DET. WENRICK'S BUSINESS CARD WITH THE REPORT NUMBER WRITTEN ON THE BACK.

SEAN WROTE A MEMO FOR HIS SUPERVISOR AND OFFERED TO GIVE IT TO ME TO MAKE A COPY WHICH WAS GIVEN TO DET. WENRICK.

THE INTERVIEW WAS THEN CONCLUDED.

MY INTERVIEW WITH SEAN WAS AUDIO AND VIDEO TAPE RECORDED. PLEASE REFER TO THE RECORDING FOR COMPLETE DETAILS REFERENCE THIS INTERVIEW.

  VICTIM RECEIVED RIGHTS INFORMATION:   NO            MAIL-IN SUPPLEMENT:

INVOICES:

  DR ENTERED BY : 5549    DR FINALIZED BY : 5549

                       END OF REPORT              DR NO: 2011 00196458    00

```
                    VICTIM SERVICES       Fax 6025344540        Mar 17 2011 05:12pm P026/027
```

** PUBLIC **            PHOENIX POLICE DEPARTMENT REPORT         ** RECORD **

SUPPLEMENT              PAGE NUMBER:   1      DR NUMBER: 2011 00196458    8

REPORT DATE: 20110218   TIME: 1211
                                                                OFFENSE: 240
TYPE OF REPORT: ASSAULT
                                                        BEAT: 0822   GRID: BH19
LOCATION: 004475 N 43RD AVENUE
          FED EX

DATE/TIME OF OCCURRENCE:   THU   020311   0755
                                                        3608        UNIT: C53
REPORTING OFFICER(S): ROBERT WENRICK

OFFENSE INVOLVED: BIAS - UNKNOWN BIAS

                        **** NARRATIVE ****

   SERIAL NUMBER: 3608

I MADE SEVERAL ATTEMPTS TO INTERVIEW W4 RANDALL TOMPKIN. I LEFT NUMEROUS
PHONE MESSAGES FOR RANDALL TO CONTACT ME, HOWEVER HE WOULD NEVER CONTACT
ME BACK. I EVEN CONTACTED V1 LARRY STRICKLER AND ASKED LARRY TO RELAY A
MESSAGE (AT WORK) TO RANDALL REQUESTING HIM TO CONTACT ME. LARRY ADVISED
ME HE GAVE RANDALL THE MESSAGE TO CONTACT ME, HOWEVER RANDALL HAS NOT
PHONED ME. RANDALL DID MAKE A WRITTEN STATEMENT (IMPOUNDED AS EVIDENCE)
AND BASED ON THE WRITTEN STATEMENT RANDALL DID NOT WITNESS THE ASSAULT ON
THE VICTIM BY IS1 SEAN EDWARDS.

BASED ON THE INFORMATION IN THE ORIGINAL REPORT AND SUPPLEMENTS 1 THRU 8 I
AM REQUESTING THAT IS1 SEAN EDWARDS BE CHARGED WITH ONE COUNT ASSAULT, 13-
1203.A.1, A CLASS ONE MISDEMEANOR.

   VICTIM RECEIVED RIGHTS INFORMATION:   NO        MAIL-IN SUPPLEMENT:

INVOICES:

   DR ENTERED BY : 3608    DR FINALIZED BY : 3608
                            END OF REPORT           DR NO: 2011 00196458

RECEIVED 03-17-'11 17:02  FROM- 6025344540       TO-   AMG ANTHEM    MC000031 P0026/002

```
                    VICTIM SERVICES     Fax 6025344540      Mar 17 2011 05:13pm P027/027

** PUBLIC **        PHOENIX POLICE DEPARTMENT REPORT        ** RECORD **

SUPPLEMENT          PAGE NUMBER:  1        DR NUMBER: 2011 00196458    9
```

REPORT DATE: 20110225   TIME: 1352

TYPE OF REPORT: ASSAULT                                    OFFENSE: 240

PROSECUTION DESIRED: YES

BOOKING VICTIM NOTIFIED: NO

LOCATION: 004475 N 43RD AVENUE                    BEAT: 0822   GRID: BH19
          FED EX

DATE/TIME OF OCCURRENCE:   THU   020311   0755

REPORTING OFFICER[S]: KRISTY BLANKENSHIP            A5332    UNIT: C23

PREMISES: OFFICE/COMMERCIAL BUILDIN             OCCUPIED:

OFFENSE INVOLVED: BIAS - NONE(NO BIAS).

PHOTOGRAPHS TAKEN: YES   BY: A5332

SCENE PROCESSED FOR LATENTS: NO     BY:

LATENTS SUBMITTED TO CRIME LAB: NO

                        **** NARRATIVE ****
   SERIAL NUMBER: A5332

ORIGINATING DR: 201100196458 000
THE FOLLOWING IS A SUMMARY OF THE LABORATORY EXAMINATION RESULTS.
CONTACT THE LABORATORY BUREAU FOR THE OFFICIAL REPORT.


ANALYST: KRISTY BLANKENSHIP(A5332)
THE OFFICIAL LSB REPORT CAN BE VIEWED/PRINTED IN I-RESULTS UNDER THE LAB R
EQUEST NUMBER 0001 FOR ACCESS TO I-RESULTS, PLEASE CONTACT THE LABORATORY
SERVICES BUREAU AT 602-262-6197.

   VICTIM RECEIVED RIGHTS INFORMATION:  YES      MAIL-IN SUPPLEMENT: NO

INVOICES:

  DR ENTERED BY : DRLIM    DR FINALIZED BY : DRLIM

                        END OF REPORT           DR NO: 2011 00196458   0


RECEIVED 03-17-'11 17:02   FROM- 6025344540        TO-  AMG ANTHEM  MC000032 P0027/00

# EXHIBIT 2

**City of Phoenix Municipal Court
Judgment & Sentence Order In
*State v. Sean A. Edwards-El*
Complaint #20119003421**

**(Bates Nos. MC000033 – 000034)**

PHOENIX MUNICIPAL COURT   300 W. Washington St.   Phoenix, AZ 85003-2103   602-262-6421   TTY/602-495-0733

STATE OF ARIZONA | JUDGMENT & SENTENCE ORDER
☐ Amended
☐ Probation Violation
☐ Remand Sentence

Sean A. Edwards - E1  2-26-13

1. Court finding and judgment. ☐ Defendant is in violation of term(s)_____ of probation imposed on_____

2. COMPLAINT #s    2011900342I
   COUNT #s          01
3. VIOLATION CODES  131203A3
   OFFENSE NAME, CLASS  Assault ___M ___M ___M ___M

Defendant knowingly, voluntarily, and intelligently waives: ☐ all pertinent rights; ☐ right to counsel; ☐ trial by jury;  Stephen Crawford

Plea (Guilty, Responsible, Admit)   ☐ ☐ ☐ ☐ ☐
Plea (No Contest)                   ☐ ☐ ☐ ☐ ☐
Submission                          ☐ ☐ ☐ ☐ ☐
Guilty, Responsible at Trial (Court / Jury)  ☒/☐  ☐/☐  ☐/☐  ☐/☐  ☐/☐
Default (Stands / Set Aside)                 ☐/☐  ☐/☐  ☐/☐  ☐/☐  ☐/☐
Not Guilty, Not Responsible         ☐ ☐ ☐ ☐ ☐
Dismissal (Without / With) Prejudice  ☐/☐  ☐/☐  ☐/☐  ☐/☐  ☐/☐
DUI Dismissal ☐ factual ☐ legal

FINDINGS: Prior Convictions (circle)   1 2 3    1 2 3    1 2 3    1 2 3    1 2 3
   DUI: ☐ 28-1382 BAC.20>; Drugs: ☐ Yes ☐ No ☐ Unknown; Offense was not of a dangerous or repetitive nature pursuant to ARS 13-604.
   DV: Defendant and victim _____ have a relationship as defined in ARS 13-3601A.

☒ 4. All orders contained within this Judgment & Sentence Order are conditions of probation for these counts. (See Item 7):
    Probation                       ☒ ☐ ☐ ☐ ☐

☐ 5. IT IS ORDERED the defendant be confined for _____ days, with _____ days time served, with _____ days suspended upon successful completion of
    ☐ Probation (Item 7) ☐ SAS-Counseling (Item 12) ☐ Community Restitution (Item 13); Other:_____ as follows:
    Jail Days / Concurrent   ___/☐   ___/☐   ___/☐   ___/☐   ___/☐

☒ 6. IT IS ORDERED the defendant pay the following fines/sanctions, fees or restitution amounts:

   A. Fine/Sanction+Surcharge        $_____   $_____   $_____   $_____   $_____
   B. Concurrent                     $_____   $_____   $_____   $_____   $_____
   C. CAA Fee (Defense Attorney)     $ 500    $_____   $_____   $_____   $_____
   D. Jail Mandatory 13-804.01       $_____   $_____   $_____   $_____   $_____
   E. Suspended                      $_____   $_____   $_____   $_____   $_____
   F. DUI Assessment (Prison Fund)   $_____   $_____   $_____   $_____   $_____
   G. DUI Assessment (PSE Fund)      $_____   $_____   $_____   $_____   $_____
   H. 28-1382 Assessment             $_____   $_____   $_____   $_____   $_____
   I. Other                          $_____   $_____   $_____   $_____   $_____
   J. Restitution Ordered            $_____   $_____   $_____   $_____   $_____
   K. Restitution from Fine          $_____   $_____   $_____   $_____   $_____

DISTRIBUTION:   WHITE - COURT   YELLOW - FEO UNIT   PINK - DEFENDANT   Page 1 of 2                           MC 000033 Rev. 1/10

NAME: Sean A Edwards-El   DOB: 2-20-73   COMPLAINT #: 201190034211

- [x] 7. Defendant placed on **summary probation** under following conditions for __12__ months starting today, or _____
  - [x] a. Defendant shall at all times be a law-abiding citizen and immediately notify the Court, in writing, of any change of address or telephone number.
  - [ ] b. Defendant not go to circled Area(s): 1 2 3 4 5 6 10 12 13 20 21 22 23 24 (as defined on back).
  - [x] c. Defendant shall not harm, threaten or harass __or have any contact with Larry Strickler.__
  - [ ] d. Probation shall terminate upon completion of all orders contained in Items 5 through 14.
  - [ ] e. Other _____

  Probation be ☐ revoked, ☐ unsuccessfully terminated, ☐ successfully terminated, ☐ reinstated, ☐ extended ___ months for restitution payment, ☐ concluded on _____. ☐ original sentencing orders remain in effect. ☐ new sentencing orders contained in Items 4 through 15.

- [ ] 8. Pay **restitution** to the following victim(s) through the Court. The Court shall forward payment as follows:

  Victim #1 $ ___ Name _____ Victim #2 $ ___ Name _____

- [x] 9. The amounts assessed under Item 6 of this Order are due and payable today and shall be paid as follows:
  - [ ] a. **Pay the total balance due today**, or on _____, report to Information Booth (1st floor).
  - [x] b. **Report to Financial Screening today** (1st floor) and comply with all requests/directives of the Financial Enforcement Officer (FEO) who will determine payment plan eligibility, or other alternatives. Or report by _____. Minimum payment today $ ___.
  - [ ] c. Apply $___ of posted cash bail toward restitution/fees/fines/sanctions.
  - [ ] d. 28-3473C: $___ fine reduced to $___ with proof of payment of fines causing suspension in ___ days.
  - [ ] e. 28-2532A: $___ sanction reduced to $___ with proof of current registration in ___ days.
  - [ ] f. 28-4135C: $___ sanction reduced to $___ with proof of six month insurance policy in ___ days.

- [ ] 10. Waive Motor Vehicle Department Driver License and Registration suspension for 28-4135C.

- [ ] 11. Suspend ☐ driving privileges, ☐ vehicle registration, for ___ months.

- [ ] 12. **Report to Screening & Assessment Services (SAS) today** (1st floor) and complete any treatment/counseling/education program(s) as directed by SAS, or report by _____. ☐ Complete MADD Victim Impact Panel. Pay $125 SAS Initial Assessment/Monitoring Fee; or ☐ $75 SAS Reassessment/Monitoring Fee; ☐ SAS Fee waived.

- [ ] 13. Complete ___ hours of **community restitution** at any non-profit organization, ☐ at _____ by the Sentence Review Hearing date (Item 15).
  - [ ] $___ to be suspended upon completion of community restitution.

- [x] 14. __Defendant shall report for PAP intake w/in 5 days & shall successfully complete Positive Alternatives Program.__

- [x] 15. Appear at a **Sentence Review Hearing** on __12/8/11__ at __8:30__ a.m./p.m. in Courtroom __1003__ to provide proof of: ☐ current vehicle registration; ☐ valid driver's license; ☐ six month vehicle insurance policy; ☐ liability insurance at the time of the violation; ☐ restitution payments made by insurance companies; ☐ counseling completion; ☐ MADD Victim Impact Panel completion; ☐ community restitution completion; [x] __PAP status__.

Payments shall be made to Phoenix Municipal Court, 300 W. Washington St., Phoenix Arizona 85003. Defendant shall immediately notify the Court, in writing, of any change of address or telephone number. In the event that any payment is required as a condition of probation and is not paid, or is paid after the payment date, defendant is ordered to report to the Court in person within 10 days after the payment date and every 30 days thereafter until delinquent payments are paid. If placed on probation, all sentence requirements must be completed no less than 90 days before the end of probation unless otherwise specified. Failure to comply with sentence requirements will result in additional processing fees, Contempt of Court Order and/or an arrest warrant and/or civil default. Collection costs will be added to balances referred to collection agencies. The victim(s), if any, received an opportunity to address the Court and/or victim statements have been reviewed by the Court prior to sentencing.

Date: 9/1/11   Judge: _____   Courtroom: 1003   Bailiff: Preciado   Interpreter: ___

*This Court (Bailiff) certifies defendant's fingerprint was affixed at time of sentencing in open court.

I hereby acknowledge receipt of this order and understand any violation may result in additional processing fees and/or an arrest warrant and my being held in jail pending further proceedings. I understand a plea of guilty, no contest, responsible, or probation violation admission has no appeal rights. For other judgments, I understand my right to appeal ends 14 calendar days after today's date. I understand Payment, Appeal, Set Aside Judgment, Domestic Violence Warnings, Travel Restrictions and Post Conviction Relief instructions are on the back of this order. I affirm the address below is accurate and understand all correspondence will be mailed there.

Defendant's Signature: Sean A Edwards   Mailing Address: 15600 N. F.L.W. Blvd, #1190   Apt# ___
City: Scottsdale   State: AZ   Zip: 85260   Telephone: 602 876 8715

DISTRIBUTION:   WHITE – COURT   YELLOW – FEO UNIT   PINK – DEFENDANT   Page 2 of 2

MC 000034