**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Strickler, | NO. CV-12-344-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; Sean Anthony Edwards-El and Jane Doe Edwards-El, husband and wife; John Does and Jane Does 1-10; ABC Corporations 1-10 and XYZ Partnerships 1-10, | |
| Defendants. | |

Pending before the Court are Defendant Sheriff Arpaio's Motion to Dismiss Complaint (Doc. 10); Defendant Edwards-El's Amended Motion to Dismiss Plaintiff's State Law Claims (Doc. 13); and Plaintiff's Motion to Amend Complaint (Doc. 32). For the reasons discussed below, Defendant Arpaio's motion is granted in part and denied in part, Defendant Edwards-El's motion is granted, and Plaintiff's motion is granted.

**BACKGROUND**

The following facts are alleged by Plaintiff and are taken as true for the purposes of this motion. Plaintiff Larry Strickler works as a courier at a FedEx location in Phoenix, Arizona. Defendant Joseph Arpaio is the Sheriff of Maricopa County, Arizona, and

1    Defendant Sean Edwards-El is a deputy for the Maricopa County Sheriff's Office
2    ("MCSO"). On February 3, 2011, MCSO deputies, including Deputy Edwards-El, were
3    conducting a regularly scheduled inspection of a FedEx facility in Phoenix, Arizona.
4    During the course of this inspection, Plaintiff approached Deputy Edwards-El to speak to
5    him, upon which Edwards-El "unprovoked, and without warning, physically assaulted
6    Plaintiff Larry Strickler by grabbing him around the throat and forcefully pushing him
7    backwards against a truck." (Doc. 1-2, ¶ 15).

8         On July 8, 2011, a private process server hired by Plaintiff went to the MCSO's
9    administrative offices. He allegedly told the receptionist there that he had three sets of
10   notices of claims, which he needed to serve on the MCSO, Sheriff Joseph M. Arpaio, and
11   Deputy Sean Edwards-El, respectively. The receptionist went to her office for a few
12   minutes and then came back to the lobby, upon which she allegedly told the process
13   server that she could accept service of all three notices of claim. These notices of claims
14   set forth the alleged facts regarding the altercation between Deputy Edwards-El and
15   Plaintiff and the injuries sustained as a result, and requested that Defendants respond
16   within ten days to discuss a possible settlement of Plaintiff's claim.

17        On January 27, 2012, Plaintiff filed his Complaint against Defendants in Maricopa
18   County Superior Court. In his Complaint, Plaintiff brings assault and § 1983 claims
19   against Deputy Edwards-El and Sheriff Arpaio in their official capacities. (Doc. 1-2).
20   Plaintiff also brings a negligence claim against Sheriff Arpaio in his official capacity.
21   (*Id*.). On February 17, 2012, Defendants removed Plaintiff's action to this Court.
22   Defendant Edwards-El now moves to dismiss Plaintiff's assault claim against him in his

1 official capacity, arguing that Plaintiff failed to serve him with a notice of claim as
2 required by Arizona Revised Statutes ("A.R.S.") § 12-821.01(A). (Doc. 13). Defendant
3 Arpaio moves to dismiss Plaintiff's claims against him for failure to state a claim. (Doc.
4 10). Plaintiff, meanwhile, moves for leave to amend his Complaint to include an assault
5 claim against Deputy Edwards-El in his individual capacity. (Doc. 32).

## DISCUSSION

**I. Defendant Edwards-El's Motion to Dismiss Plaintiff's Assault Claim**

    **A. Compliance with A.R.S. § 12-821.01(A)**

Deputy Edwards-El moves to dismiss Plaintiff's assault claim against him in his official capacity "because Plaintiff failed to directly and personally serve [him] with a notice of claim as required by A.R.S. § 12-821.01(A)." (Doc. 13 at 1). Section 12-821.01(A) bars any claim against a police officer unless the claimant files a notice of claim with the police officer within 180 days of the incident in which the claim arose:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. . . . Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

The language of the notice of claim statute makes clear that one who has a claim against a public entity and its employee "must give notice of the claim to *both* the employee individually and to his employer." *Crum v. Superior Court in & for County of Maricopa*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (Ct. App. 1996) (emphasis in original).

1 *See also Johnson v. Superior Court in & for County of Pima*, 158 Ariz. 507, 509, 763 P.2d 1382, 1384 (Ct. App. 1988) (stating that Arizona's notice of claim statute "unambiguously provides that both public entities and their employees are entitled to notice of claims against them"); *DeBinder v. Albertson's, Inc.*, 06-CV-1804-PCT-PGR, 2008 WL 828789 (D. Ariz. Mar. 26, 2008) ("[I]t is clear that the law requires that service be made on public employees, in addition to the entities that employ them, as a prerequisite to any lawsuit against such employees.").

Plaintiff's process server attests that the receptionist at the MCSO's administrative office agreed to accept service on behalf of Deputy Edwards-El. (Doc. 18-1, ¶¶ 2–4). Nonetheless, that Deputy Edwards-El is employed by the MCSO does not give the MCSO actual or apparent agency authority to accept notices of claims on his behalf. *See DeBinder v. Albertson's, Inc.*, 06-CV-1804-PCT-PGR, 2008 WL 828789 (D. Ariz. Mar. 26, 2008) ("The delivery of a notice of claim via certified mail to the police department, 'Attn: Corporal Eric Clevinger' does not meet statutory requirements."). *See also Curran v. Indus. Comm'n of Arizona*, 156 Ariz. 434, 437, 752 P.2d 523, 526 (Ct. App. 1988) (stating that apparent authority exists where "the *principal* has intentionally or inadvertently induced third persons to believe that such a person was its agent") (emphasis added) (quoting *Canyon State Canners v. Hooks*, 74 Ariz. 70, 73, 243 P.2d 1023, 1025 (1952)). Plaintiff concedes that Edwards-El was not served "face to face." (Doc. 18 at 8). In addition, he has not alleged facts which make is plausible that the receptionist at the MCSO—or the MCSO itself for that matter—is Edwards-El's agent. Therefore, even if the receptionist agreed to accept service of process on his behalf, this

was not sufficient to constitute service of the notice of claim on "*both* the employee individually and [ ] his employer." *Crum*, 186 Ariz. at 352 (emphasis in original).

### B.     Equitable Estoppel

Plaintiff argues that even if he failed to provide Edwards-El with the required notice of claim, Edwards-El should be equitably estopped from using § 12-821.01 as a defense. "Like a statute of limitations, [the time element of the notice of claims statute] is subject to waiver, estoppel and equitable tolling." *Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990). *See also Little v. State*, 225 Ariz. 466, 471, 240 P.3d 861, 866 (Ct. App. 2010) ("The notice of claim statute is subject to . . . estoppel and equitable tolling.") (quoting *Jones v. Cochise County,* 218 Ariz. 372, 187 P.3d 97, 104 (App. 2008)). "Equitable estoppel applies if (1) the party to be estopped intentionally or negligently induces another to believe certain material facts, (2) the induced party takes actions in reliance on its reasonable belief of those facts and (3) the induced party is injured by so relying." *Pueblo Santa Fe Townhomes Owners' Ass'n v. Transcon. Ins. Co.*, 218 Ariz. 13, 21, 178 P.3d 485, 493 (Ct. App. 2008).

Plaintiff first argues that the equitable estoppel doctrine applies in this case due to the MCSO receptionist's alleged acceptance of the notice of claim on Edwards-El's behalf. As stated, however, this doctrine applies only where "*the party to be estopped . . . induces another to believe*" he has complied with the notice of claim statute. *Transcon Ins. Co.*, 218 Ariz. at 2 (emphasis added). Here the party which Plaintiff seeks to estop is Defendant Edwards-El, not the MCSO or its receptionist. And Edwards-El did nothing to induce Plaintiff's alleged belief that he had complied with the notice of claim statute.

Plaintiff also argues that the equitable estoppel doctrine applies against Edwards-El due to the standardized "Notice of Claim" form provided by Maricopa County—which Plaintiff filled out and submitted as part of his notice of claim. This form states that notices of claims "against Maricopa County Sheriff *and/or agents*" should be mailed or hand delivered to the Maricopa County Sheriff's Office. (Doc. 18-2 at 2) (emphasis added). The form warns, however, that "[f]iling a valid claim will always remain your sole responsibility," and that "[i]t is your responsibility to identify the correct person, entity and/or entities against which your claim is being made, and file the notice of claim with them." (Doc. 18-2 at 3). Moreover, the form is provided by Maricopa County, not by Deputy Edwards-El. Again, therefore, Plaintiff's alleged belief that he had properly delivered the notice of claim was not induced by Edward-El.

In short, Plaintiff did not provide Deputy Edwards-El with a notice of claim as required by § 12-821.01, nor did Edwards-El induce Plaintiff's alleged belief that he had complied with the statute. Plaintiff's assault claim against Deputy Edwards-El in his official capacity will be dismissed.

**II.    Defendant Arpaio's Motion to Dismiss**

Defendant Arpaio contends that Defendant Edwards-El was not acting within the scope of his employment or under color of state law when he allegedly assaulted Plaintiff and therefore that Plaintiff's *respondeat superior* and § 1983 claims against Arpaio in his official capacity should be dismissed for failure to state a claim.

**A.    Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 1950 (internal quotation omitted).

**B.     Analysis**

    **1.     Assault Claim against Arpaio in His Official Capacity**

Defendant Arpaio first contends that Deputy Edwards-El was not acting within the course and scope of his employment as a Sheriff's deputy when he assaulted Plaintiff, and therefore that Arpaio cannot be vicariously liable in his official capacity for Edwards-El's alleged assault. (Doc. 10 at 5–6). "Whether an employee's tort is within the scope of employment is generally a question of fact. It is a question of law, however, if the undisputed facts indicate that the conduct was clearly outside the scope of

employment." *Smith v. Am. Exp. Travel Related Services Co., Inc.*, 179 Ariz. 131, 136, 876 P.2d 1166, 1171 (Ct. App. 1994).

"An employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 197 Ariz. 535, 540, 5 P.3d 249, 254 (Ct. App. 2000). An employee's conduct is within the scope of his employment where "(a) it is the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master." *Anderson v. Gobea*, 18 Ariz. App. 277, 280, 501 P.2d 453, 456 (1972).

First, Edwards-El's actions must have been "the kind he is employed to perform." *Gobea*, 18 Ariz. App. at 280. One of the kinds of duties a law en*force*ment officer is employed to perform is the use of force. In addition, at the time of the alleged assault, Edwards-El was apparently at the FedEx facility with other deputies conducting "a regularly scheduled inspection of the facility and the packages set for delivery." (Doc. 1-2 at 5). Given the facts alleged by Plaintiff, and given the general nature of a law enforcement officer's duties, it is plausible that Edwards-El was authorized to use force, if necessary, to secure the premises at the FedEx facility.

Second, Edwards-El's actions must have occurred "substantially within the authorized time and space limits." *Gobea*, 18 Ariz. App. at 280. As noted above, Edwards-El allegedly committed the assault during a regularly scheduled inspection he was conducting. His actions therefore appear to have occurred entirely within the authorized time and space limits of his duties.

1  Lastly, Edwards-El's assault must have been "actuated, at least in part, by a
2  purpose to serve" his employer. *Gobea*, 18 Ariz. App. at 280. In the criminal
3  investigation resulting from the alleged assault, Edwards-El stated that his use of force
4  was "in the heat of the moment" and that he "wasn't thinking like a cop" at the time.
5  (Doc. 10-2 at MO000029). Even were the Court to take judicial notice, however, of
6  Edwards-El's statements, these statements do not require the dismissal of Plaintiff's
7  *respondeat superior* claim against Arpaio in his official capacity. To be sure, they
8  provide evidence that Edwards-El's actions were not motivated by a purpose to serve his
9  employer. The test, however, is not whether Plaintiff's actions were *motivated* by a
10 purpose to serve the MCSO, but whether they were "*actuated*, at least in part, by a
11 purpose to serve" the MCSO." *Gobea*, 18 Ariz. App. at 280 (emphasis added). In other
12 words, the question is whether Edwards-El's use of force was, at least in part, caused or
13 put into motion by his employment-related purpose—namely the inspection of the FedEx
14 facility that day. *See Webster's Third New International Dictionary* (1981) (defining "to
15 actuate" as "to put into mechanical action or motion"). Here, Plaintiff has alleged that the
16 assault occurred during a regularly scheduled inspection of the FedEx facility, and that
17 Plaintiff is one of the facility's employees. Given these alleged facts, it is plausible that
18 the alleged assault was put into motion by Edwards-El's inspection.

19  Edwards-El contends that the facts in this case are similar to those in *Maddex v.*
20 *Ricca*, a case in which a bartender's assault of a patron in the bar's parking lot was held
21 to be beyond the scope of the bartender's employment. 258 F. Supp. 352 (D. Ariz. 1966).
22 In *Maddex*, however, the Court made the determination that the bartender's assault was

beyond the scope of his employment in its findings of fact and conclusions of law after a bench trial, not in response to a motion to dismiss. Moreover, unlike Edwards-El, the bartender in *Ricca* did not assault the patron during the course of conducting his work-related duties. Rather, the assault in *Ricca* occurred in the parking lot after the patron had exited the establishment. *Id.* at 353. The Court will not dismiss Plaintiff's vicarious liability assault claim against Defendant Arpaio in his official capacity.

### 2. Section 1983 Claim against Arpaio in His Official Capacity

Defendant Arpaio next contends that Plaintiff's claim against him in his official capacity under 42 U.S.C. § 1983 fails because this section does not allow for *respondeat superior* liability. Plaintiff concedes that a governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory. (Doc. 17 at 8). Plaintiff argues, however, that he is not pursuing a *respondeat superior* theory, but rather is claiming *Monell* liability.

In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978), the Supreme Court held that governmental entities can be liable for their employees' actions "when execution of a government's policy or custom . . . inflicts the injury." 436 U.S. 658, 694 (1978). Plaintiff states in his complaint that Defendant Arpaio "[i]implemented, maintained and tolerated policies, practices and customs which contributed to the improper conduct of MCSO employees." (Doc. 1-2, ¶ 22). Plaintiff does not, however, plead any facts which make the existence of such policies or customs plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff's conclusory allegation that such policies exist does not suffice to state a valid *Monell* liability claim. *See Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). The Court will dismiss Plaintiff's § 1983 claim against Defendant Arpaio in his official capacity.

### 3. Negligence Claim against Arpaio

Plaintiff has also brought a claim against Defendant Arpaio in his official capacity for negligence, alleging that Arpaio negligently hired, trained, supervised, and/or retained Edwards-El. (Doc. 1-2, ¶ 22). Arpaio contends that this negligence claim should be dismissed, arguing that Plaintiff did not set forth facts in his notice of claim sufficient to put Defendant Arpaio on notice that he may be sued on a negligence theory. (Doc. 10 at 12–13).

A.R.S. § 12-821.01(A) states that any notice of claim "shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." In other words, a notice of claim "must contain enough information to allow the entity to investigate the merits of the claim and assess its potential for liability." *Barth v. Cochise County, Arizona*, 213 Ariz. 59, 62, 138 P.3d 1186, 1189 (Ct. App. 2006). If a party fails to comply with this notice of claim requirement, the party's claim is barred. *Id.* As stated by Plaintiff, "[a]ll facts of the interaction between Plaintiff and Defendant Edwards-El were described in Plaintiff's July 8, 2011 Notice of Claim." (Doc. 17 at 11; Doc. 10-1 at MC000001–02). In addition, the

11

notice of claim stated that Arpaio was vicariously liable for Edwards-El's actions. (Doc. 10-1 at MC000002). Nonetheless, that notice did not state that Edwards-El's actions resulted from negligence on the part of Arpaio. (*Id*.). Nor did the notice of claim include any facts which implied that Arpaio had been negligent in his hiring, training, supervision, and retention of Edwards-El. (*Id*.). Accordingly, the notice of claim did not provide Arpaio with "facts sufficient to permit [him] to understand the basis upon which [negligence] is claimed" or to investigate the merits of this claim. A.R.S. § 12-821.01. The negligence claim against Arpaio in his official capacity will be dismissed.

### III.  Plaintiff's Motion for Leave to Amend

Lastly, Plaintiff moves for leave to amend his Complaint to include an assault claim against Defendant Edwards-El in his individual capacity. (Doc. 32). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Court may deny a motion to amend where there is undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, however, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Defendants have failed to respond to Plaintiff's motion for leave to amend. The

1  Court will therefore deem their failure to respond as "a consent to the . . . granting of the
2  motion . . . [and] dispose of the motion summarily." LRCiv 7.2(i). Plaintiff's proposed
3  amendment must be filed within fourteen days of the date of this Order.

**CONCLUSION**

For the reasons discussed above, Plaintiff failed to comply with the requirements of Arizona's notice of claim statute with regards to his assault claim against Edwards-El in his official capacity, and this claim will be dismissed. He has stated a valid *respondeat superior* assault claim against Sheriff Arpaio in his official capacity. Plaintiff has not stated valid § 1983 or negligence claims against Arpaio. Plaintiff is given leave to file his proposed amended complaint.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Sheriff Arpaio's Motion to Dismiss Complaint (Doc. 10) is **granted in part and denied in part.**

2. Defendant Edwards-El's Amended Motion to Dismiss Plaintiff's State Law Claims (Doc. 13) is **GRANTED.**

3. Plaintiff's Motion to Amend Complaint (Doc. 32) is **GRANTED.**

4. Plaintiff's Request for Accelerated Ruling on Motion to Amend Complaint (Doc. 33) is **denied as moot.**

Dated this 21st day of August, 2012.

G. Murray Snow
United States District Judge