WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNE6
By:    Ann Thompson Uglietta (013696)
         Laurence G. Tinsley, Jr. (012581)
         Deputy County Attorneys
222 North Central Avenue, Suite 1100
Phoenix, Arizona  85004
Firm No. 00032000
Telephone No. (602) 506-8541
Facsimile No. (602) 506-8567
uglietta@mcao.maricopa.gov
tinsleyl@mcao.maricopa.gov

Attorneys for Defendant Sheriff Joseph M. Arpaio

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Strickler,<br><br>        Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; Sean Anthony Edwards-El and Jane Doe Edwards-El, husband and wife; John Does and Jane Does 1-10; ABC Corporations 1-10 and XYZ Partnerships 1-10,<br><br>        Defendants. | NO. CV12-0344 GMS<br><br>**DEFENDANT SHERIFF ARPAIO'S MOTION TO DISMISS AND MOTION TO STRIKE FIRST AMENDED COMPLAINT (DOC. # 36)** |

Defendant Sheriff Arpaio moves to dismiss Counts 1, 3 and 4 and moves to strike Counts 3 and 4 asserted against him in the First Amended Complaint.

**1. It is the Law of The Case That Counts 3 and 4 Fail to State A Claim Against Defendant Sheriff Arpaio, and Those Counts Must Be Dismissed and Stricken.**

1

Under the doctrine of "law of the case,"

> a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. The doctrine is not a limitation of a tribunal's power, but rather a guide to discretion.... Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.

*United States v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997) (citations and quotations omitted). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Milgard Tempering, Inc. v. Selas Corp.,* 902 F.2d 703, 715 (9th Cir.1990) (citations and quotations omitted).

Here, this Court expressly and specifically ruled that Plaintiff had failed to state claims for negligence and Section 1983 constitutional violations against Sheriff Arpaio as a matter of law.  Doc. # 34, pp. 10 - 13.  In filing the First Amended Complaint, Plaintiff did not allege any new facts in Counts 3 and 4, or otherwise amend his pleading so as to attempt to remedy the fatal deficiencies of those claims previously identified and determined by the Court.  Nor has there been an intervening change in the law.  Consequently, under the doctrine of law of the case, Counts 3 and 4 must be dismissed and stricken pursuant to FRCP 12(b)(6) and 12(f).  *Shabaz v. Polo Ralph Lauren Corp.,* 586 F.Supp.2d 1205, 1209 (C.D.Cal.2008)( FRCP 12(f) includes striking parts of a pleading when the relief sought is "not recoverable as a matter of law.").

**2. Plaintiff's *Respondeat Superior* Assault Claim (Count 1) Fails as a Matter of Law.**

2

1  Plaintiff's *respondeat superior* assault claim (Count 1) fails to state a claim for
2  relief against Sheriff Arpaio as a matter of law.
3  A release of a servant from liability for injuries also operates to release the master
4  from liability. *DeGraff v. Smith*, 62 Ariz. 261, 269, 157 P.2d 342, 345 (1945) ("[I]t is
5  held that the release of an employee from liability for injuries inflicted while acting for
6  the employer operates as a release of the employer."). *See also*, *Law v. Verde Valley
7  Medical Center*, 217 Ariz. 92, 96, 170 P.3d 701, 705 (App. 2007)(no vicarious liability of
8  master where servant is dismissed on the merits); *Hansen v. Garcia, Fletcher, Lund and
9  McVean*, 148 Ariz. 205, 208, 713 P.2d 1263, 1266 (App. 1985)(where false arrest and
10 other claims were dismissed as to individual officers, *respondeat superior* claims against
11 employer Town of Surprise also must be dismissed); *Torres v. Kennecott Copper Corp.*,
12 15 Ariz. App. 272, 274, 488 P.2d 477, 479 (1971) ("A dismissal with prejudice in favor
13 of the servant operates as an adjudication that the servant was not negligent and operates
14 to relieve the master from any liability under a *respondeat superior* theory.").
15 Here, Plaintiff's Count 1 sues Defendant Sheriff Arpaio solely under *respondeat
16 superior* theories, predicated entirely on the alleged tortious conduct of MCSO Deputy
17 Edwards-El, an employee of Maricopa County.  There are no allegations of any
18 independent tortious conduct on the part of Defendant Sheriff Arpaio for the alleged
19 assault.  First Amended Complaint, ¶20.  Importantly, the Court dismissed Count 1
20 alleged against MCSO Deputy Edwards-El because Plaintiff failed to comply with the
21 requirements of Arizona's notice of claim statute.  Doc. # 34, p. 6.  Because Plaintiff has
22 no actionable claim against the servant — MCSO Deputy Edwards-El, Plaintiff cannot

3

maintain a derivative claim (*respondeat superior*) against his master— Defendant Sheriff Arpaio.

Accordingly, Count 1 against Defendant Sheriff Arpaio must be dismissed with prejudice as a matter of law.

RESPECTFULLY SUBMITTED this 17th day of September 2012.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY


BY: /s/ Ann Thompson Uglietta
    ANN THOMPSON UGLIETTA
    LAURENCE G. TINSLEY, JR.
    Attorneys for Defendant Sheriff Joseph M. Arpaio

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

COPIES electronically sent out this 17th day of September 2012 to:

Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 622, SPC 80
Phoenix, Arizona 85003

…
…
…
…

and copies mailed to:

Kenneth P. Gerber
Kevin Garrison
GARRISON LAW FIRM
7972 West Thunderbird Rd., Suite 107
Peoria, Arizona 85381
Attorneys for Plaintiff

Erin E. Byrnes
BERKE LAW FIRM, PLLC
1601 North 7th Street, Suite 360
Phoenix, Arizona 85006-2223
Attorneys for Defendant Edwards-El


/s/Selena Rojas

S:\COUNSEL\Civil\Matters\CJ\2011\Strickler v. Arpaio CJ11-0066\Pleadings\Motion Strike and Motion Dismiss 91712.docx