1   **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8   Larry Strickler,                          No. CV-12-00344-PHX-GMS

9                    Plaintiff,               **ORDER**

10  v.

11  Joseph M. Arpaio, in his official capacity as
    Sheriff of Maricopa, Arizona; Sean
12  Anthony Edwards-El and Jane Doe
    Edwards-El, husband and wife; et al.,
13

14                   Defendants.

15          Now before the Court are Defendant Sheriff Arpaio's Motion to Dismiss Counts

16  One, Three, and Four of Plaintiff Larry Strickler's First Amended Complaint ("FAC")

17  (Doc. 37), Sheriff Arpaio's Motion to Strike portions of the FAC (Doc. 38), and

18  Defendant Sean Anthony Edwards-El's Motion to Dismiss Counts One and Two of the

19  FAC (Doc. 39). The Court grants in part and denies in part Sheriff Arpaio's Motion to

20  Dismiss, denies as moot his Motion to Strike, and grants in part and denies in part Deputy

21  Edwards-El's Motion to Dismiss.

22                          **FACTUAL BACKGROUND**

23          Strickler works as a courier for FedEx in Phoenix, Arizona. (Doc. 36 ¶¶ 1, 14.)

24  Arpaio is the Sheriff of Maricopa County, Arizona, and Edwards-El was a deputy for the

25  Maricopa County Sheriff's Office ("MCSO"). (*Id.* ¶¶2, 6.) On February 3, 2011, MCSO

26  deputies, including Deputy Edwards-El, conducted a regularly scheduled inspection of a

27  FedEx facility in Phoenix, Arizona. (*Id.* ¶ 15.) During this inspection, Strickler

28  approached Deputy Edwards-El to speak to him, upon which Edwards-El "unprovoked,

and without warning, physically assaulted . . . Strickler by grabbing him around the throat and forcefully pushing him backwards against a truck." (*Id.* ¶ 16.)

As this Court found in a previous Order (Doc. 34), a private process server hired by Strickler went to the MCSO's administrative offices on July 8, 2011. The process server allegedly told the receptionist that he had three sets of notices of claims, which he needed to serve on the MCSO, Sheriff Arpaio, and Deputy Edwards-El, respectively. The receptionist went to her office for a few minutes and then came back to the lobby, when she allegedly told the process server that she could accept service of all three notices of claim. These notices of claim set forth the alleged facts regarding the altercation between Deputy Edwards-El and Strickler and the injuries sustained as a result, and requested that Defendants respond within ten days to discuss a possible settlement of Strickler's claim.

On January 27, 2012, Strickler filed his Complaint against Defendants in Maricopa County Superior Court. Strickler brought assault and § 1983 claims against Deputy Edwards-El and Sheriff Arpaio in their official capacities. (Doc. 1-2). Strickler also brought a negligence claim against Sheriff Arpaio in his official capacity. (*Id.*) On February 17, 2012, Defendants removed Strickler's action to this Court. This Court dismissed all but a vicarious liability claim against Sheriff Arpaio because Strickler failed to comply with Arizona's notice of claim statue by not serving the notice on Deputy Edwards-El personally. (Doc. 34.) It nevertheless granted leave to amend, and Strickler filed his FAC (Doc. 36) on August 30, 2012. Defendants have moved to dismiss Counts various counts of the FAC.

## DISCUSSION

## I.  LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain

detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II.    ANALYSIS

### A.    Deputy Edwards-El's Motion to Dismiss

#### 1.    Count One

Count One of Strickler's FAC alleges that Deputy Edwards-El committed assault and battery in the course of his employment against Strickler. (Doc. 36 ¶¶ 17-19.) Count One in the FAC reasserts the allegations in the original Complaint that this Court previously dismissed for failure to comply with the notice of claim statute. Reasserting previously dismissed claims is not the proper role for an amended complaint, and Count One against Deputy Edwards-El is consequently dismissed.

#### 2.    Count Two

Strickler amended his Complaint to argue, in the alternative, that Deputy Edwards-El was "acting as a private individual, not under color of state law" when he allegedly committed the assault and battery on Strickler. (*Id.* ¶¶ 23-26.) Deputy Edwards-El moves to dismiss this count on two grounds: (1) it is inconsistent with the allegations in Count One and (2) alleging that Deputy Edwards-El committed the crime outside the scope of

his employment does not negate the necessity of compliance with the notice of claim statute, which Strickler failed to do.

As for the first ground, Rule 8(d) of the Federal Rules of Civil Procedure permits a plaintiff to "set out 2 or more statements of a claim or defense alternatively or hypothetically. . . . A party may state as many separate claims or defenses as it has, regardless of consistency." Strickler is well within his rights to plead alternate grounds of recovery, and Deputy Edwards-El's attempts to hold that against Strickler fall short.

The second ground raises a question regarding the scope of Arizona's notice of claim statute.[1] Deputy Edwards-El contends that Strickler's failure to serve a notice of claim on Deputy Edwards-El bars both claims against him for actions taken inside and outside the course of his employment. While the text of the statute does not distinguish between claims against a public employee for actions arising within or without her scope of duties, Arizona courts have construed the statute to apply only to claims against a public employee for her employment-related actions. *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 90-91, 170 P.3d 691, 699-700 (Ct. App. 2007) ("The notice of claim statute has consistently been applied only to claims arising out of acts by public employees in the scope of their employment."). "[T]o interpret § 12–821 to apply to claims against a public employee who was not acting in the scope of his or her employment at the time of the actionable event would be contrary to the legislature's intent and inconsistent with the interpretation of related statutes." *Id.* at 90 (reviewing the history of the statute); *see also Dube v. Desai*, 218 Ariz. 362, 365 186 P.3d 587, 590 (Ct. App. 2008).

---

[1] "Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." Ariz. Rev. Stat. § 12-821.01(A).

The cases cited by Deputy Edwards-El do not hold otherwise. In *Mink v. Arizona*, the court dismissed claims brought against public employees in their individual capacities for failure to comply with the notice of claim statute. CV09-2582, 2010 WL 2594355 PHX DGC at *6 (D. Ariz. June 23, 2010) *aff'd*, 475 F. App'x 202 (9th Cir. 2012). The issue of the applicability of § 12-821.01 to actions taken outside the scope of employment was not directly before the Court. In addition, a claim against a public employee in her individual capacity differs from a claim that a public employee was acting outside the scope of her employment. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 7.5.2 (5th ed. 2007) ("Official capacity suits are an attempt to sue the government entity by naming the officer as a defendant, whereas personal capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law.").[2] Because the requirements of the notice of claim statute do not apply to actions taken by public employees outside the scope of their employment, Deputy Edwards-El's Motion to Dismiss Count Two is denied.

### B.    Sheriff Arpaio's Motion to Dismiss

#### 1.    Count One

Sheriff Arpaio argues that Count One must be dismissed against him because it is based on a theory of vicarious liability and Count One against Deputy Edwards-El has been dismissed. "An employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 197 Ariz. 535, 540, 5 P.3d 249, 254 (Ct. App. 2000). Nevertheless, an adjudication of the employee's liability on the merits eliminates any vicarious liability for the employer. *See Law v. Verde Valley Med. Ctr.*, 217 Ariz. 92, 94-96, 170 P.3d 701, 703-05 (Ct. App. 2007).

---

[2] Deputy Edwards-El also asserts several times that failure to comply with the notice of claim statute is jurisdictional. The Arizona Supreme Court has taken a different view. *See Pritchard v. State*, 163 Ariz. 427, 433, 788 P.2d 1178, 1184 (1990) ("We hold that filing a timely claim is not a jurisdictional prerequisite to bringing suit, but is a requirement more analogous to a statute of limitations.").

The question is thus whether the dismissal of Strickler's claim against Edwards-El for failure to comply with Arizona's notice statute amounts to a dismissal on the merits. The notice of claim statute functions like a statute of limitations. *See Pritchard v. State*, 163 Ariz. 427, 433, 788 P.2d 1178, 1184 (1990) ("We hold that filing a timely claim is not a jurisdictional prerequisite to bringing suit, but is a requirement more analogous to a statute of limitations."). And dismissal on "statute of limitations [grounds] is not a determination of liability; it merely prevents the bringing of an action when pled as an affirmative defense." *Hovatter v. Shell Oil Co.*, 111 Ariz. 325, 326, 529 P.2d 224, 225 (1974). The *Hovatter* court noted that "it matters greatly how the servant's liability was extinguished. Where the master's liability rests solely on respondeat superior, if the servant is exonerated by trial on the merits, then, of course, the master cannot be held liable, but there is no logical or legal basis for extending the rule to situations" outside of determinations on the merits. *Id.* at 326-27 (ruling that "where a servant terminates his liability by obtaining a covenant not to sue" the master's liability is not extinguished). Similar, then, to a statute of limitations, the notice of claim statute operates to foreclose a claim, but is not a determination on the merits for purposes of respondeat superior.

Sheriff Arpaio cites several cases in his motion to support his argument that dismissal on notice of claim grounds defeats respondeat superior liability, but those cases involved situations that more closely resembled a determination on the merits. *See Law*, 217 Ariz. at 94-96 (one doctor dismissed in conjunction with settlement, the other by plaintiff's voluntary dismissal); *Hansen v. Garcia*, 148 Ariz. 205, 207-08, 713 P.2d 1263, 1265-66 (Ct. App. 1985) (plaintiff failed to establish prima facie case against officers, so derivative liability did not attach to town); *Torres v. Kennecott Cooper Corp.*, 15 Ariz. App. 272, 274, 488 P.2d 477, 479 (1971) (plaintiff's own dismissal with prejudice of his claims against employees foreclosed respondeat superior liability for employer). Sheriff Arpaio cites no case that holds that dismissal on notice of claim or statute of limitation grounds vitiates any respondeat superior liability. His motion to dismiss Count One is denied.

### 2.   Counts Three and Four

Count Three asserts a claim against Sheriff Arpaio for negligent hiring. This Court previously dismissed the negligent hiring claim for failure to comply with the notice of claim statute. (Doc. 36.) Count Four asserts a § 1983 claim against Sheriff Arpaio under a respondeat superior liability theory. The Court dismissed that claim because respondeat superior is unavailable as a theory in § 1983 cases. (*Id.*) Strickler agrees that these Counts should be dismissed. (Doc. 47 at 3.) They are dismissed.

Sheriff Arpaio has moved to strike the allegations against him in Counts Three and Four. Strickler does not address this Motion in his Response. Nevertheless, because the Court dismisses those claims with respect to Sheriff Arpaio, granting the Motion to Strike would be redundant. It is therefore denied as moot.

### CONCLUSION

Strickler's claim that Deputy Edwards-El committed assault and battery while acting in the scope of his employment is dismissed. Likewise for Strickler's negligent hiring and § 1983 claims against Sheriff Arpaio. Count One (vicarious liability) remains as against Sheriff Arpaio, and Counts Two (assault and battery) and Four (§ 1983) remain against Deputy Edwards-El.

**IT IS THEREFORE ORDERED THAT**:

1.     Sheriff Arpaio's Motion to Dismiss (Doc. 37) is **granted in part and denied in part**.

2.     Sheriff Arpaio's Motion to Strike (Doc. 38) is **denied as moot**.

3.     Deputy Edwards-El's Motion to Dismiss (Doc. 39) is **granted in part and denied in part**.

Dated this 12th day of December, 2012.

A. Murray Snow
_____
G. Murray Snow
United States District Judge